BINKLEY COAL COMPANY; BELL & ZOLLIER COAL COMPANY; CHICAGO, WILMINGTON & FRANKLIN COAL COMPANY; FRANKLIN COUNTY COAL CORPORATION; MOFFAT COAL COMPANY; OLD BEN COAL CORPORATION; PEABODY COAL COMPANY; PYRAMID COAL CORPORATION; SAHARA COAL COMPANY; TRUAX-TRAER COAL COMPANY and THE UNITED ELECTRIC COAL COMPANIES, PLAINTIFFS-APPELLANTS, v. FORREST SMITH, State Auditor of the State of Missouri, Defendant-Respondent.—No. 38678.

THE CONSOLIDATED COAL COMPANY; THE ST. LOUIS & O'FALLON COAL COMPANY; FORSYTHE-CARTERVILLE COAL COMPANY, and WALTER BLEDSOE & COMPANY, Plaintiffs-Appellants, v. FORREST SMITH, State Auditor of the State of Missouri, Defendant-Respondent.—No. 38679.—179 S. W. (2d) 17.

Division One, February 7, 1944.

Rehearing Denied, March 6, 1944.

Motion to Transfer to Banc Overruled, April 3, 1944.

*Hamilton K. Beebe, Herman L. Taylor, Walter R. Mayne* and *N. W. Hartman* for appellants; *Essington, Beebe & Pratt* and *Fordyce, White, Mayne, Williams & Hartman* of counsel. (Same points and authorities as in American Bridge Company v. Smith, ante.)

*William G. Marbury, J. W. Thurman, D. A. Thompson* and *Tyre Burton,* Assistant Attorney General, for respondent. (Same points and authorities as in American Bridge Company v. Smith, ante.)

*Maurice H. Winger* and *George J. Winger amici curiae.*

■ VAN OSDOL, C.—Actions by plaintiffs, sellers, for declaratory judgments to determine the taxability of certain sales under the Sales Tax Act of Missouri (Article 24, Chapter 74, Revised Statutes of Missouri 1939, Mo. R. S. A., as amended, Laws of Missouri 1941, at page 698). The trial court declared the sales to be taxable and rendered judgment for the defendant, State Auditor of Missouri. Plaintiffs have appealed.

The petitions in both cases alleged that the plaintiffs are foreign corporations engaged in the business of selling coal from mines located without the territorial limits of Missouri to customers for use or consumption within this state; that these sales are in interstate commerce and are not taxable under the Sales Tax Act of Missouri; and that the defendant has contended otherwise, threatening to levy and enforce payment of the tax. The petitions prayed the court to declare

the rights, duties and obligations of the parties with respect to the matters arising by reason of the controversies. Pending the termination of the actions, the monthly taxes which may be due unto defendant have been deposited in the hands of the Clerk of the Circuit Court of Cole County.

As stated in the petitions, all of the parties plaintiff in both actions are foreign corporations, and (except as herein stated, infra) have their home offices and principal places of business outside this state. Plaintiff, Binkley Coal Company, mines coal in Missouri and in Illinois; in the instant actions we are not concerned with the taxability of the sales of the coal mined by this plaintiff in Missouri. No other of the plaintiffs mines any coal in this state, nor does any plaintiff maintain any stockpile of coal in Missouri from which deliveries are made to purchasers in this state. Plaintiffs, other than plaintiff Pyramid Coal Corporation, maintain sales offices or sales representatives in Missouri. No spot order (delivery within not more than thirty days) nor contract order (delivery in more than thirty days) is accepted or approved by plaintiffs in Missouri, with the exception of those of certain plaintiffs in the case, The Consolidated Coal Company et al. v. Forrest Smith, State Auditor of the State of Missouri, Case No. 38679.

In Case No. 38679, the parties plaintiff are foreign corporations, but two of the plaintiffs, The Consolidated Coal Company and The St. Louis & O'Fallon Coal Company, have their principal places of business in St. Louis, Missouri. These two plaintiffs accept orders and approve contracts at their offices within this state. Some of the orders of plaintiff, Forsythe-Carterville Coal Company, are accepted in Missouri by its president.

All coal to customers in Missouri is delivered f. o. b. the mines in Illinois (or Indiana).

The sales, necessitating transportation of goods from other states to Missouri, are admittedly transactions of interstate commerce. The principal issue raised by the pleadings involves the intention of the legislature in the enactment of Section 11409, R. S. 1939, Mo. R. S. A., Sec. 11409, as amended, Laws of Missouri 1941, at page 702. See now, Laws of Missouri 1943, page 1017. A part of Section 11409, supra, as amended, is as follows:

"There is hereby specifically exempted from the provisions of this article and from the computation of the tax levied, assessed or payable under this article such retail sales as may be made in commerce between this state and any other state of the United States, . . . and any retail sale which the State of Missouri is prohibited from taxing under the Constitution or laws of the United States of America, . . . "

It is the contention of plaintiffs (appellants) that the exempted "such retail sales as may be made in commerce between this state and

any other state of the ▮ United States" is a general exemption, and exempts all sales in such commerce; whereas, defendant (respondent) contends that in enacting the section the legislature intended to exempt from taxation only such sales in interstate commerce the taxation of which infringes the Commerce Clause (Section 8, Article I, Constitution of the United States).

Sales Tax Act of Missouri imposes an excise tax upon every retail sale *in the state* of tangible personal property. Subsection (a), Section 11408, R. S. 1939, Mo. R. S. A., Sec. 11408. A "Sale at retail" means any transfer of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption. Subsection (g), Section 11407, R. S. 1939, Mo. R. S. A. 11407 (g). Under the facts of the cases at bar the ownership of, or title to, the property sold is presumed to have been transferred to the vendees in the State of Illinois (or Indiana) where the property was consigned to the vendees free on board the cars of carriers. There is no evidence that parties had a contrary intention. The "Sale at retail," the transfer of the ownership of, or title to, the property sold, the "taxable event" (Cf. McGoldrick v. Berwind-White Coal Mining Company, 309 U. S. 33, 60 S. Ct. 388, wherein the "taxable event" considered was "any transfer of title or possession, or both") having occurred in the State of Illinois (or Indiana), the sales may not be taxed under the provisions of the Sales Tax Act; the sales were not sales at retail "in the state" (Subsection (a), Section 11408, supra). And the state could not levy and collect the sales tax upon an event in interstate commerce which does not occur within the state's boundaries. See American Bridge Company, a corporation, v. Forrest Smith, State Auditor of the State of Missouri, Case No. 38677, 352 Mo. 616, 179 S. W. 2d 12, decided concurrently herewith.

The judgment should be reversed and remanded with directions to render a declaratory judgment in harmony with this opinion.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by Van Osdol, C., is adopted as the opinion of the court. All the judges concur.