HOFFMANN-LaROCHE, INC., APPELLEE, *v.* PORTERFIELD, TAX COMMR., APPELLANT.

(No. 68-265—Decided December 31, 1968.)

*Messrs. Knepper, White, Richards & Miller, Mr. Milton S. Bartholomew, Mr. Donald A. Davies* and *Mr. Eli Lawrence,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellant.

*Per Curiam.* Section 5741.02, Revised Code, provides in part that:

"(A) For the use of the general revenue fund of the state, an excise tax is hereby levied on the storage, use, or other consumption in this state of tangible personal property * * *.

"* * *

"(B) Each consumer, storing, using, or otherwise consuming in this state tangible personal property purchased for such purpose, shall be liable for the tax * * *."

Section 5741.01, Revised Code, provides, in part:

"As used in Sections 5741.01 to 5741.22, inclusive, of the Revised Code:

"* * *

"(C) 'Use' means and includes the exercise of any right or power incidental to the ownership of the thing used * * *.

"* * *

"(D) * * * Purchase includes production, even though the article produced was used, stored, or consumed by the producer. * * *

"* * *

"(F) 'Consumer' means any person who has purchased tangible personal property for storage, use, or other consumption in this state."

In its entry, reducing the use-tax assessment levied by the Tax Commissioner, the Board of Tax Appeals specifically determined that the promotional materials "placed in the United States mail in a state other than Ohio for mailing as a gift to physicians in Ohio * * * was not stored, used, or otherwise consumed by the appellant in the state of Ohio."

Our review is limited to the determination whether the

decision of the Board of Tax Appeals is unreasonable or unlawful. *Midwest Haulers, Inc.,* v. *Glander,* 150 Ohio St. 402; *Union Carbide & Carbon Corp.* v. *Bowers,* 166 Ohio St. 419.

In reaching its decision in the instant case the Board of Tax Appeals relied upon its former determination in *Miller Brewing Co.* v. *Schneider,* Board of Tax Appeals No. 52020, 3 Ohio Tax Cases, par. 200-521. The principle formulated in the *Miller Brewing Co. case* is that an out-of-state supplier of advertising materials which promote the sale of its products cannot be subjected to a use-tax assessment on the materials supplied where it relinquishes ownership, possession and control of the materials outside Ohio. In the *Miller Brewing Co. case* the materials purchased outside Ohio were delivered to a common carrier at a point outside Ohio for consignment to various independent distributors of Miller Brewing Company products in Ohio. Miller Brewing Company prepaid the freight charges and exercised no control over the use of the materials once they came into Ohio.

Appellant does not challenge the validity of the principle enunciated in the *Miller Brewing Co. case,* but relies upon the factual distinction that the advertising materials in the instant case were sent through the mail rather than sent by common carrier with freight charges prepaid. It is appellant's contention that appellee's choice to effectuate delivery by way of the mail precludes the appellee from divesting itself of possession and control of the promotional materials outside Ohio because federal postal regulations provide the right to recall mail at any time prior to delivery. 39 Code of Federal Regulations, Section 153.5 (a). Appellant argues that this right of recall, standing alone, makes the post office the agent of appellee rather than trustee or agent for the intended recipients.

We disagree, and note that there is authority in other jurisdictions that delivery of a gift is completed at the time that the item is deposited in the mail for delivery to the intended recipient. See *Taylor* v. *Sanford,* 108 Tex. 340, 193 S. W. 661; *Waller* v. *Capper,* 143 Kan. 164, 53

P. 2d 836; *Ray* v. *Leader Federal Savings & Loan Assn.*, 40 Tenn. App. 625, 292 S. W. 2d 458; and 38 American Jurisprudence 2d 824, Gifts, Section 21.

A review of the testimony in the record in this case and an examination of the exhibits in evidence supports the conclusion that *all* the materials placed in the mail by appellee for distribution to doctors and hospitals in Ohio was mailed as third-class matter.

Although it appears that even third-class matter may be recalled by the sender, under 39 Code of Federal Regulations, Section 153.5 (a), recall would be impractical and expensive, since there must be formal application under 39 C. F. R. 153.5 (b), and the expenses of recall are chargeable to the mailer under 39 C. F. R. 153.5 (c). There is no evidence in the record to show that appellee has ever attempted or would attempt under any circumstances to recall any of its promotional materials sent through the mail. In the absence of recall, undeliverable third-class mail of no obvious value will be destroyed pursuant to 39 C. F. R. 158.5 (d), and undeliverable drug samples will be returned to the sender or destroyed pursuant to 39 C. F. R. 158.2 (h) (2).

We conclude, as did the Board of Tax Appeals, that, as much as is reasonably possible under existing postal regulations, the appellee divested itself of ownership, possession and control of its mailed promotional materials outside Ohio. Accordingly, it is reasonable to conclude that the gift of these samples and advertising materials took place outside Ohio and such material was not stored, used or otherwise consumed by the appellee in the state of Ohio within the meaning of those words as used in Section 5741.02, Revised Code.

Therefore, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

BROWN, J., dissents.