OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, without costs, and the determination of the State Tax Commission reinstated.
Section 503 of the Tax Law imposes "a highway use tax for the privilege of operating any vehicular unit upon the public highways of this state. * * * The tax for each such vehicular unit shall be computed by multiplying the number of miles operated on the public highways in this state by the appropriate weight group tax rate”. Regulations of long standing promulgated by the commission provide in pertinent part (20 NYCRR 481.12): "481.12 Determination of mileage. Mileage within this State shall be computed on the basis of the actual mileage traveled by each motor vehicle. Such mileage shall be based on speedometer readings, fuel consumption records, map mileage from the point of origin to the point of destination, tariff schedules or mileage used for billing purposes, and shall be subject to audit by the State Tax Commission.” The regulations also contain detailed prescriptions with reference to records which must be kept by the taxpayer.
Since the highway use tax was first imposed in 1951 petitioner taxpayer has computed its mileage for purposes of the tax on the basis of tariff schedules and mileage used for billing purposes. Until 1974 no challenge was ever raised on audit to the use of this method. During an audit in that year it was concluded on the basis of a sampling of tachograph and other records that the use of tariff schedules and mileage used for billing purposes was resulting in a significant underreporting by this taxpayer of actual miles traveled (perhaps by as much as 10%) and thus a substantial understatement of its tax liability. The commission decided that the taxpayer’s actual mileage could be more accurately determined by use of tachograph readings and applied this method of reckoning mileage *869 for the period under audit (May, 1970 through March, 1974). The taxpayer objected to what it perceived as an impermissibly mandated change of computation method and particularly to its retrospective application. For purposes of eliminating factual issues and expediting a determination which was being delayed, the taxpayer stipulated that "If tachograph readings are used to determine actual miles traveled by vehicles of [the taxpayer] during the period covered by the assessment the net deficiency would be $32,104.58, plus interest charges”. (It appears that the taxpayer did have available tachograph records for the years in question, perhaps maintained for some corporate purpose other than computation of highway use taxes.) The commission determined a deficiency for the period of the audit based on use of tachograph readings and the stipulation. We conclude that the commission’s determination should be confirmed.
For present purposes the statute imposes the tax on "the number of miles operated on the public highways” (Tax Law, § 503, subd 1), and the related regulation provides that "Mileage within this State shall be computed on the basis of the actual mileage traveled by each motor vehicle” (20 NYCRR 481.12). The regulation then prescribes five different methods on which mileage calculations may be based, two of which are "tariff schedules” and "mileage used for billing purposes” and one of which is "speedometer readings”. No express right of election is given either the taxpayer or the commission as to which method may or shall be used, and it is conceded that none of the five methods will produce precisely accurate results. It is apparent, however, that the objective is determination of actual mileage traveled. We cannot say in the circumstances of this record that the commission’s determination that this taxpayer must use tachograph readings is arbitrary and capricious or otherwise erroneous. The taxpayer has failed to produce evidence to refute the commission’s determination of deficiency or on which to base a better computation of the tax due.
The taxpayer vigorously contends that if the tachograph method is to be mandated, the mandate must be prospective only and may not be made retrospective. Particular emphasis is placed on the commission’s acquiescence in the use by the taxpayer of tariff schedules and mileage used for billing purposes over some 21 years. We might agree with the taxpayer if in consequence of and reliance on that acquiescence *870 the taxpayer had no tachograph records available. Aside from differences in the amount of the tax, the taxpayer might in that event be significantly prejudiced by an understandable failure to have maintained records, a failure for which the commission might be said to have been responsible in part. In such circumstances the commission might be limited to a prospective insistence on a change in method of calculation. But the availability in this instance of tachograph records for the period in question and the stipulation made by the taxpayer has eliminated any such special unfairness or prejudice in this case.
Thus, we conclude that the commission’s determination, both to base calculation of actual mileage on tachograph readings and to apply that method back to May, 1970, should be reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Judgment reversed, etc.