In the Matter of BENNETT BROTHERS, INC., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, June 8, 1978

---

### APPEARANCES OF COUNSEL

*Migdal, Tenney, Glass & Pollack (Lawrence W. Pollack* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Nigel G. Wright* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

SWEENEY, J. P.

Petitioner is a New York corporation engaged in the sale of general merchandise by hard cover mail order catalog throughout the eastern half of the United States, including

New York. It maintains distribution, showroom and office facilities in New York City. A separate and distinct Illinois corporation maintains similar facilities in Chicago. Both corporations shared and divided the cost of the business operations.

The mail order catalogs are produced on paper which is manufactured outside the State and shipped directly to printers, also located outside of the State. The New York office issues the purchase orders for the paper and directs its shipment to the printers. Once printed the materials are shipped to the Rand McNally Company in Hammond, Indiana for completion, binding and distribution. The contractual arrangements with Rand McNally are made by the Chicago office. Petitioner and its counterpart in Illinois furnish mailing labels to Rand McNally, which then delivers the catalogs to common carriers who in turn deliver them to post offices in various States, including New York. The catalogs are then mailed directly to industrial and commercial companies and to merchants, but not to prospective individual purchasers. Petitioner pays the individual post offices the postal expenses incurred. The catalogs are distributed without charge to recipients and petitioner receives no compensation for the distribution.

Based on the conclusion that petitioner has exercised a right or power over the catalogs in directing the distributor to mail them to certain designated firms and individuals for the purpose of generating sales of merchandise within the State, respondent imposed the instant use tax. This proceeding ensued and petitioner maintains the determination was arbitrary, capricious and unsupported by substantial evidence. More specifically, the petitioner contends that it had control of the catalogs only while located outside the State and that such control ended when the catalogs were brought into the State.

A resolution of this controversy necessitates an examination and interpretation of sections 1110 and 1101 (subd [b], par [7]) of the Tax Law. Section 1110 imposes a use tax for "the use within this state" of certain tangible personal property. The pertinent part of section 1101 (subd [b], par [7]) defines "use" as the exercise of any right or power over tangible personal property by the purchaser thereof.

Our research and that of the parties has failed to reveal any New York appellate court determination dealing with this precise issue. Respondent, however, has previously considered

this issue *(Matter of Ford Motor Co.* [Sept. 15, 1976]). In that case the printing and distribution of advertising and promotional materials were accomplished out of State and the materials were shipped directly by independent companies to Ford automobile dealers in New York without charge to the dealers and for which Ford received no compensation. Respondent therein concluded that Ford was not subject to the use tax since it exercised no dominion or control over the advertising material shipped from without the State. These facts are strikingly similar to those of the instant case and we are of the opinion that the issue was correctly decided therein. The same result was also reached by two of our sister States *(Mart Realty v Norberg,* 111 RI 402; *Hoffmann-La Rocche v Porterfield,* 16 Ohio St 2d 158).

From our examination of the record, we conclude that petitioner lacked real control over the catalogs once they were deposited with the common carrier. While petitioner may have held theoretical ownership and had the ability to recall the materials, such control was unsubstantial and insufficient, in our view, to justify assessment pursuant to the use tax statute. Furthermore, the record demonstrates to us that petitioner did not exercise a right or power over the catalogs while within the State of New York. Our conclusion is bolstered by the fact that petitioner is not claiming an exemption under the statute but rather contends that the catalogs in the present factual situation are not covered by the statute and, therefore, any doubt defeats the tax *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193; *Matter of Gundry, Inc. v State Tax Comm.,* 57 AD2d 261, revd on other grounds 43 NY2d 867). Consequently, respondent's determination should be annulled.

The determination should be annulled, with costs, and the matter remitted for further proceedings not inconsistent herewith.

KANE, STALEY, JR., LARKIN and HERLIHY, JJ., concur.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.