## DISTRICT OF COLUMBIA, Appellant,

### v.

## W. BELL & CO., INC., Appellee.

### No. 79–878.

District of Columbia Court of Appeals.

Argued April 3, 1980.

Decided Sept. 22, 1980.

Richard G. Amato, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, Richard W. Barton, Deputy Corp. Counsel, Richard L. Aguglia and James E. Lemert, Asst. Corp. Counsels, Washington, D. C., were on the brief, for appellant.

Jay W. Freedman, Washington, D. C., with whom Scott A. MacKillop, Washington, D. C., was on the brief, for appellee.

Before GALLAGHER, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

The District of Columbia appeals a trial court order directing it to refund a portion of a use tax paid by W. Bell & Co. on merchandise catalogs sent from outside the District to potential Bell customers residing in the District. See D.C. Code 1973, § 47–2701 et seq.; D.C. Code 1978 Supp., § 47–2701 et seq. The District urges that the trial court erred in concluding that these catalogs were not used by Bell as contemplated by the statute and that a use tax imposed on these catalogs would violate the Commerce Clause of the United States Constitution. We find no error and affirm.

The stipulated facts reflect that W. Bell & Co., a District of Columbia corporation with its principal office in Rockville, Maryland, purchased merchandise catalogs from a Georgia printer. These catalogs were distributed in two ways to District residents. A few were retained at the corporation's retail outlet in the District for use at the store or for distribution to customers upon request. But most of the catalogs were packaged and addressed for mailing in the State of Georgia, put on a common carrier, delivered to the main post office in the District where they were unloaded by employees of the common carrier, and then placed in the United States mail by postal employees. Potential Bell customers received these catalogs free of charge.

Bell protests only the use tax assessed for those catalogs received in the mail by its potential customers. The tax was imposed by the District on these catalogs under the provision of D.C. Code 1978 Supp., § 47–2702, which reads in pertinent part: "There is hereby imposed and there shall be paid by every vendor engaging in business in the District and by every purchaser a tax on the use, storage, or consumption of any tangible personal property and services sold or purchased at retail sale." To determine whether these catalogs were used by Bell within the meaning of the statute, we are guided in our decision by the statutory meaning of the word "use" found at D.C. Code 1973, § 47–2701 subd. 6, which reads: " 'Use' means the exercise of

any person within the District of any right or power over tangible personal property and services sold at retail, whether purchased within or without the District by a purchaser from a vendor." The key words in this definition are "the exercise by any person within the District of any right or power over tangible personal property . . . ." The trial court was not clearly erroneous[1] in its finding that Bell did not exercise such a right or power over the catalogs within the District. As was reasoned by a New York court under a similar taxing statute and in like circumstances, any "theoretical ownership" and ability to recall the catalogs after they were delivered to the carrier, was insufficient control to subject the catalogs to a use tax. *Bennett Brothers, Inc. v. State Tax Commission*, 62 A.D.2d 614, 615–616, 405 N.Y.S.2d 803, 805 (1978). Neither does the deposit of these catalogs in the mails within the District, where conceivably Bell would have the right of recall as a sender, convert the post office into Bell's agent. *See Hoffman–LaRoche, Inc. v. Porterfield*, 16 Ohio St.2d 158, 160–162, 243 N.E.2d 72, 74 (1968); *see also Mart Realty, Inc. v. Norberg*, 111 R.I. 402, 303 A.2d 361 (1973). Even if we accept a rationale that Bell had sufficient power over the catalogs to come within the meaning of the statute, Bell did not in fact "exercise" such a power.

Additionally, we conclude that the trial court rightly rejected the District's argument that a use tax could be imposed under the statute on the basis of the catalog's "promotional effect" within the District. *See Miller Brewing Co. v. Korshak*, 35 Ill.2d 86, 219 N.E.2d 494 (1966). In *Miller Brewing* a beer manufacturer was held to be the constructive owner of point–of–sale advertising items sent by the manufacturer to particular wholesalers to be used by them to promote beer sales. The adver-

tising materials were distributed to wholesalers whose interest in generating sales for their own benefit would promote extensive commercial use of the materials received. This significant commercial connection provided the basis for the court's finding that Miller Brewing was in fact the constructive owner of the items although they were not in physical possession of them. The overt commercial use of advertising items in *Miller Brewing* is a far cry from the possible use potential Bell customers might make of a merchandise catalog sent to them free of charge. Any promotional benefit Bell might receive from the distribution of its catalogs in this fashion is too indeterminate to justify the concept of constructive ownership.[2]

The trial court also reasoned that since the catalogs were placed in the stream of interstate commerce outside of the District and came to rest only when they reached the individuals to whom they were addressed, the Commerce Clause of the United States Constitution, Art. I, § 8, Cl. 3, prohibits the District from taxing such goods to Bell. The court observed that it is well established that goods may not be taxed while moving in interstate commerce. *See Michelin Tire Corp. v. Wages*, 423 U.S. 276, 290, 96 S.Ct. 535, 543, 46 L.Ed.2d 495, *reh. denied*, 424 U.S. 935, 96 S.Ct. 1151, 47 L.Ed.2d 344 (1976); *Miller Bros. Co. v. Maryland*, 347 U.S. 340, 344, 74 S.Ct. 535, 538, 98 L.Ed. 744 (1954). The court also noted in effect that only when the goods come to rest within the jurisdiction of a state or the District of Columbia can those goods be taxed by that jurisdiction, *Minnesota v. Blasius*, 290 U.S. 1, 9, 54 S.Ct. 34, 36, 78 L.Ed. 131 (1933), and that the placement of catalogs in the . mail by the common carrier within the District was not a sufficient break in the interstate transit of the

---

1. *See Case v. Morrisette*, 155 U.S.App.D.C. 31, 475 F.2d 1300 (1973); *District of Columbia v. Seven–Up Washington*, 93 U.S.App.D.C. 272, 214 F.2d 197, *cert. denied*, 347 U.S. 989, 74 S.Ct. 851, 98 L.Ed. 1123 (1954).

2. *District of Columbia v. Seven–Up Washington, supra*, does not require a different re-

sult. Although the circuit court did find that the labeled Seven–Up cartons provided valuable advertising to the company as long as the cartons survived, the court concluded they were not subject to a use tax. *Id.*, 98 U.S.App. D.C. at 277, 214 F.2d at 202.

catalogs to constitute a taxable moment to Bell. *See Service Merchandise Co. v. Tidwell,* 529 S.W.2d 215 (S.Ct.Tenn.1975). *See also Deere & Co. v. Allphin,* 49 Ill.App.3d 164, 7 Ill.Dec. 130, 364 N.E.2d 117, 120–21 (1977).[3]

However, we need not predicate our holding on this constitutional rationale for it is sufficient that the activity sought to be taxed is simply not covered by the relevant statute. *See Massachusetts v. Wescott,* 431 U.S. 322, 97 S.Ct. 1755, 52 L.Ed.2d 349 (1977); *District of Columbia v. Little,* 339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599 (1950).

*Affirmed.*

---

**3.** As noted in the appellee's brief, an impermissible tax on goods while they are in the stream of interstate commerce must be distinguished from a state tax on business activity involving interstate commerce. *See Washington Rev.*

*Dept. v. Stevedoring Assn.,* 435 U.S. 734, 98 S.Ct. 1388, 55 L.Ed.2d 682 (1978); *Capital Holding Corp. v. District of Columbia,* D.C. App., 374 A.2d 573 (1977).