The MAY DEPARTMENT STORES
COMPANY, d/b/a Famous–Barr
Co., Appellant,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent.

No. 69659.

Supreme Court of Missouri,
En Banc.

March 15, 1988.
Rehearing Denied April 19, 1988.

Alan C. Kohn, William A. Kohlburn, St. Louis, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Judge.

The appellant operates department stores in the St. Louis area and elsewhere. The Director of Revenue levied separate assessments for sales tax and for use tax. The Administrative Hearing Commission sustained these assessments and the taxpayer appealed to this Court. We have jurisdiction because construction of the revenue laws is involved. We find that the petition for review is well taken as to both assessments and reverse.

I. *Use Tax*

The appellant causes catalogs describing its merchandise to be printed in Illinois. It supplies mailing labels to the printer, who mails the printed catalogs directly to the addresses. The director sought to collect Missouri use tax on those catalogs which were mailed by the Illinois printer to Missouri addresses.

The case bears some similarity to *R & M Enterprises, Inc. v. Director of Revenue,* 748 S.W.2d 171 (Mo. banc 1988) (decided today). We need not repeat the general discussion of the use tax found in that case. There is, however, a controlling difference between that case and this one.

Here the catalogs are not in the possession of the taxpayer in Missouri, even for an instant, after printing is complete. They go from the printer to the post office to the addresses. They do not come to rest in Missouri and are not "commingled with the general mass of property of this state" until delivered to the various addresses. (Section 144.610–1, last sentence.)

The use tax is imposed "for the privilege of storing, using, or consuming within this state any article of tangible personal property...." The appellant does not exercise any of the privileges listed in the statute, and so does not owe a tax levied on those privileges.

The director points out that, had a Missouri printer been used, the cost of printing would have been subject to sales tax. He then argues that the purpose of the use tax statutes will not be fulfilled if the taxpayer is able to benefit by causing its printing to be done outside the state. This may be so, but the director still must point to a statutory incident which causes the tax to attach. This he has not done.

The director claims the benefit of the "presumption" of § 144.620, RSMo 1986, ... that tangible personal property sold by any vendor for delivery in this state or transportation to this state is sold for storage, use or consumption in this state....

This appellant, however, does not engage in the "storage, use or consumption" of the catalogs in Missouri. The presumption, then, does not aid the director in collecting the tax from this taxpayer. It cannot be said to store, use or consume the catalogs in Missouri by giving directions which are executed outside the state.

Our position is supported by *Hoffmann–LaRoche, Inc. v. Porterfield,* 16 Ohio St.2d 158, 243 N.E.2d 72 (Ohio 1968); *Bennett Brothers Inc. v. State Tax Commission,* 62 A.D.2d 614, 405 N.Y.S.2d 803 (1978); and *District of Columbia v. W–Bell & Company, Inc.,* 420 A.2d 1208 (D.C.App. 1980).

Because the taxpayer does not seek to exercise any of the privileges which give rise to the tax, we need not reach the constitutional points raised by the taxpayer. It of course is not appropriate for us to speculate as to whether the state may adopt statutory language which would reach the transactions here described. Nor is there any issue before us as to the fanciful possibility that the use tax might be assessed against an addressee who accepts a catalog.

## II. *Sales Tax*

The director sought to impose Missouri sales tax on sales during 1979, in which the buyer, who we will assume to have been in Missouri, directed the appellant—seller to make delivery in another state, by mail or common carrier.

The tax is imposed upon "every retail sale in this state." Section 144.020.1(1). A retail sale is defined as

any transfer ... of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale ... for a valuable consideration.

We agree with the taxpayer that, when a contract of sale requires the seller to make delivery, title to the goods does not pass until delivery is made. This is the purport of the Uniform Commercial Code, Sec. 400.2–401(2)(b), RSMo 1986. So, when a person makes a purchase at a store in Missouri and the seller agrees to effect delivery in another state, title does not pass in Missouri. This is consistent with two of the earliest cases construing the sales tax statutes, *American Bridge Co. v. Smith,* 352 Mo. 616, 179 S.W.2d 12 (1944), and *Binkley Coal Co. v. Smith,* 352 Mo. 627, 179 S.W.2d 17 (1944). A sale as just described is not a "retail sale in this state," so as to give rise to a tax under § 144.020.1(1).

The state points out that our sales tax is a "gross receipts" tax rather than a "transactions tax." By § 144.080, it is measured by the seller's gross receipts. The applicable gross receipts, however, are the gross receipts from transactions subject to the sales tax as set out in § 144.020, and these consist only of retail sales in Missouri.

The state also seeks to distinguish between "transfer of title" and "transfer of ownership", citing *State ex rel. Thompson–Stearns–Roger v. Schaffner*, 489 S.W. 2d 207 (Mo.1973). It argues that, whatever might be said as to the passage of title, "ownership" passes when the sales contract is completed in Missouri. It suggests that this is especially so when one person orders and undertakes to pay for an article which is to be shipped to another.

We do not agree. The case relied on was one in which a Missouri contractor ordered materials and supplies to be delivered to a job site in Missouri, at which the contractor was doing work for the federal government. The construction contract provided that title to all materials and supplies was to vest in the government on delivery to the job site, and the contractor set up this circumstance in support of an argument that the sales were exempt from any sales tax because made to an exempt entity. This Court observed that the materials were available for the contractor's unrestricted use at the job site, and found an "ownership" sufficient to support the tax, in spite of the parties' attempts to place legal title elsewhere.

Here, in general contemplation of law neither title nor ownership passed until delivery. There is reason behind the conceptual approach, for risk of loss in transit remained in the seller. The sales were not retail sales in Missouri, in the sense of § 144.020.1(1), and there was no basis for imposing Missouri sales tax.

We reach this conclusion without considering § 144.030.1, RSMo 1986, which exempts sales "in commerce" from the Missouri sales tax. That section was in effect only for a small portion of the period here involved. It was repealed, and then reenacted after the end of the period covered by this case. There is no need to consider the exemption, because the sales here in issue are not covered by the basic tax.

There is likewise no occasion to consider the constitutional claims presented by the taxpayer. Just as with the use tax, it is not our place to speculate as to whether the legislature might tax transactions of the kind here in issue, by using appropriate language.

The decision of the Administrative Hearing Commission is reversed.

BILLINGS, C.J., and DONNELLY, WELLIVER and RENDLEN, JJ., concur.

ROBERTSON, J., concurs in part and dissents in part in separate opinion filed.

HIGGINS, J., concurs in part and dissents in part and concurs in separate concurring in part and dissenting in part opinion of ROBERTSON, J.

ROBERTSON, Judge, concurring in part and dissenting in part.

I concur in that portion of the principal opinion which holds that petitioner has no liability for use tax in this case. However, as to that portion of the principal opinion, designated II, which finds that no sales tax is due, I respectfully dissent.

Under the facts of this case, a purchaser in Missouri enters appellant's store in Missouri, purchases merchandise from appellant, and directs appellant to deliver that item to a third party in another state. In my view, such a transaction is a sale at retail subject to sales tax.

Section 144.010.1(8), RSMo 1986, defines "sale at retail" as "any transfer made by any person engaged in business ... of the *ownership of,* or title to, tangible personal property to the purchaser for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration...." [Emphasis added.] In *State ex rel. Thompson–Stearns–Roger v. Schaffner*, 489 S.W.2d 207 (Mo.1973), this Court interpreted Section 144.010.1(8). The Court found that the word "ownership", when used in conjunction with the word "title", revealed a legislative intent "to denominate some interest or right other than the so-called ·'bundle of rights' encompassed by the term 'title'." Thus, the court continued,

There is no question that the General Assembly in enacting the sales tax law intended to place the burden of the tax upon the person paying the purchase price.... In defining a "purchaser" as the person to whom either "ownership" or "title" is transferred, the legislature must have intended to include not only transactions in which the person who pays the purchase price is the recipient of the legal title to the property, but also to include the myriad of transactions in which the purchase price is paid by one who does not receive technical legal title but who exercises dominion over the property such as by directing who the recipient of such title shall be. No other reasonable explanation for the use of the alternative term appears....

*Id.* at 215.

In my view, *Thompson–Stearns–Roger* correctly interprets the law and requires a result contrary to that reached by the majority. It is beyond dispute that when a person enters the business establishment of a Missouri merchant, selects an item of merchandise, pays for it, and directs that the merchandise purchased be delivered to a third party, the purchaser has exercised dominion and control over that merchandise. Dominion and control establish ownership; sales tax is thus due on the transaction under the clear language of Section 144.010.1(8).

The majority's attempt to distinguish—nay overrule sub silentio—*Thompson–Stearns–Roger* is not persuasive. The factual differentiation recited does not support the legal distinction the majority draws. Ownership within the meaning of Section 144.010.1(8) does not require that the purchaser obtain unrestricted use of the property at some point in the future. The hallmarks of ownership for purposes of the sales tax are present when a purchaser assumes sufficient control over merchandise to direct its delivery to a third party; when the purchaser assumes ownership of

the merchandise, the taxable event which authorizes the imposition of the tax occurs.

While I agree that the decision of the Administrative Hearing Commission regarding the use tax must be reversed, I would affirm the decision of the Administrative Hearing Commission upholding the imposition of the sales tax under these facts. I, therefore, concur in part and dissent in part.