**R & M ENTERPRISES, INC.,**
Appellant,

v.

**DIRECTOR OF REVENUE, State of
Missouri, Respondent.**

No. 69557.

Supreme Court of Missouri,
En Banc.

March 15, 1988.
Rehearing Denied April 19, 1988.

John L. Oliver, Jr., Cape Girardeau, for appellant.

William L. Webster, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Judge.

The appellant is a wholesaler of yard goods. It sends specimens of the patterns in inventory to fabricators in other states which cut them into small samples and bind the samples into books. The completed books are then sent by contract carrier to the appellant's place of business in Cape Girardeau, where the appellant addresses the individual books and transmits them by mail, common carrier, or hand delivery to retail outlets in Missouri and elsewhere.[1]

The Director of Revenue sought to impose a use tax on the price paid by appellant to the binders. The appellant challenged the assessment unsuccessfully before the Administrative Hearing Commission, and petitions this Court for review, asserting (1) that there is no "use, storage, or consumption" of the product in Missouri, so as to bring the use tax into operation; (2) that the appellant acquires the books for purposes of resale, so as to be exempt from use tax; and (3) that the use tax imposes an impermissible burden on interstate commerce. We affirm the decision of the Administrative Hearing Commission.

I.

The Missouri use tax has been in place since 1959. (L.1959, H.B. 35, § 4).

---

1. The appellant is not willing to turn its customer list over to the binderies so that direct shipment may be made, because of concern about security of the list.

The governing statutes (RSMo 1986), read as follows:

144.610–1. A tax is imposed for the privilege of storing, using or consuming within this state any article of tangible personal property purchased on or after the effective date of sections 144.600 to 144.745 in an amount equivalent to the percentage imposed on the sales price in the sales tax law in section 144.020. This tax does not apply with respect to the storage, use or consumption of any article of tangible personal property purchased, produced or manufactured outside this state until the transportation of the article has finally came to rest within this state or until the article has become commingled with the general mass of property of this state.

2. Every person storing, using or consuming in this state tangible personal property purchased from a vendor is liable for the tax imposed by this law, and the liability shall not be extinguished until the tax is paid to this state, but a receipt from a vendor authorized by the director of revenue under the rules and regulations that he prescribes to collect the tax, given to the purchaser in accordance with the provisions of section 144.-650, relieves the purchaser from further liability for the tax to which receipt refers.

144.605(10) "Use", the exercise of any right or power over tangible personal property incident to the ownership or control of that property, except that it does not include storage or the sale of the property in the regular course of business;

\* \* \* \* \* \*

Any sales or use tax paid to any other state on transfer of the property is a credit against Missouri's use tax. Section 144.-615(5).

The purpose of the use tax is to protect Missouri revenue and Missouri sellers against competition from out-of-state sell-ers by removing any advantage which might be gained by making purchases outside the state, on which no sales tax is collected. This purpose has been upheld by the Supreme Court of the United States [2] and by our Court.[3]

The appellant argues that, when it receives the finished sample books from the binder, it has a fixed purpose of transshipping them in interstate commerce and does not store, use, or consume the books within the state of Missouri. The books, nevertheless, are delivered directly to the appellant at its principal office in Missouri, and, until it ships them to the retailers, it has complete dominion and control over them. They come to rest in Missouri and may properly be said to have become "commingled with the general mass of property of the state." It has the privilege of "using," in the sense of the statute. It makes no difference that it may assert this privilege only a very brief time. The privilege of using is the occasion for taxation.

Such taxation would serve the statutory purpose. Had the binder been located in Missouri, its charges would be subject to Missouri sales tax. Without the use tax, there might be impetus to select an out-of-state binder rather than one in Missouri. Had appellant paid a sales tax to the out-of-state binder, one possible motivation for going out of state would have been removed and the use tax, by its terms, would not be payable. The use tax places local and out-of-state providers on an equal footing.

*Daily Record Company v. James*, 629 S.W.2d 348 (Mo. banc 1982), is clearly distinguishable. There a Missouri printer prepared advertising supplements for a newspaper which were included in papers sold to customers. The sale by the printer to the customer was a sale for resale, as part of the completed paper. The sale of the "news print" was exempt from sales tax by § 144.030(8). We held that the state could

**2.** *Henneford v. Silas Mason Co.,* 300 U.S. 577, 581–583, 57 S.Ct. 524, 526–527, 81 L.Ed. 814 (1977).

**3.** *Southwestern Bell Telephone Co. v. Morris,* 345 S.W.2d 62 (Mo. banc 1961); *Farm and Home Savings Association v. Spradling,* 538 S.W.2d 313, 317 (Mo. banc 1976).

not nullify this exemption by assessing a use tax on the supplements.

## II.

The appellant argues that it acquires the completed booklets for resale to its retailers, under the doctrine of *King v. National Super Markets*, 653 S.W.2d 220 (Mo. banc 1983). There we held that paper sacks used to bag groceries were acquired by the grocery for resale, even though no charge was made by the grocer to the customer for the sacks. We held, in effect, that the cost of the sacks was included in the price of the groceries paid by the customer. There was evidence that the cost was factored into the price paid for the groceries.

This case is clearly distinguishable, as is *Smith Beverage Co. v. Reiss*, 568 S.W.2d 61 (Mo. banc 1978), involving returnable bottles on which a deposit is collected from the customer. There is no quantitative connection between the furnishing of sample books to retailers and the purchase of fabrics by these retailers for their customers. It is of course to the appellant's interest to have the sample books in the hands of the retailers, but there is no assurance that orders will be forthcoming from any particular retailer, or of the volume of any such orders. The circumstance that the cost of binding the books is factored into the price charged the customers is not controlling. The appellant necessarily considers all of its costs in fixing its prices. The evidence fails to demonstrate a sale for resale.

## III.

█ There is no federal constitutional impediment. The imposition of the tax meets the test of *Maryland v. Louisiana*, 451 U.S. 725, 754, 101 S.Ct. 2114, 2133, 68 L.Ed.2d 576 (1977), as follows:[4]

The State's right to tax interstate commerce is limited, however, and no state tax may be sustained unless the tax: (1) has a substantial nexus with the State; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the State.

The use in Missouri, however brief, is a taxable incident. *Director of Revenue v. Superior Aircraft*, 734 S.W.2d 504 (Mo. banc 1987); *Southern Pacific Co. v. Gallagher*, 306 U.S. 167, 59 S.Ct. 389, 83 L.Ed. 586 (1939). Because of credit for such sales or use taxes as have been paid to other jurisdictions, there can be no discrimination against interstate commerce, and no unconstitutional burden on that commerce. The property is completely under the appellant's control in Missouri for so long as it chooses, and the appellant enjoys the benefit and protection of our public services. There is no offer to prove additional facts which might demonstrate an unconstitutional burden on commerce.

The appellant suggests that the case might appropriately be remanded to the Commission for further consideration in light of the holding of *Director of Revenue v. Superior Aircraft*, 734 S.W.2d 504 (Mo. banc 1987). The facts were stipulated, and we see no reason why we should not now apply the governing law to the undisputed facts.

The decision of the Administrative Hearing Commission is affirmed.

All concur.

█

---

**4.** *See also, Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 288, 97 S.Ct. 1076, 1083, 51 L.Ed.2d 326 (1977).