**AUTOMOBILE CLUB OF MISSOURI, Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**No. 69679.**

Supreme Court of Missouri,
En Banc.

March 15, 1988.

---

Robert F. Schlafly, Ann E. Buckley, St. Louis, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Judge.

The appellant supplies travel information and services to its members, in return for annual membership fees. As part of this service, it supplies a monthly magazine, "Midwest Motorist", without additional cost.

The magazine is printed in Illinois. Appellant furnishes the printer with addressed mailing labels. When printing is complete the printer affixes the labels and then ships the addressed magazines by contract carrier to the bulk mail center maintained by the United States Postal Service in St. Louis County. The postal service then delivers the magazine to the members.

The Administrative Hearing Commission determined that the magazines were subject to the Missouri Use Tax, 144.610, RSMo 1986.

The case is indistinguishable from *May Department Stores, Inc. v. Director of Revenue*, 748 S.W.2d 174 (Mo. banc 1988), decided today. The taxpayer does not exercise the privilege of "storing, using or consuming" the magazines in Missouri, and so is not subject to Missouri use tax. Section 144.610, RSMo 1986. The circumstance that the magazines are carried into Missouri and travel the Missouri highways before being delivered to the post office is not significant, and this journey does not amount to a taxable use by the taxpayer.

It makes no difference that this result may discriminate against Missouri printers, who would have to collect sales tax, and Illinois printers, who apparently do not. There must still be a taxable incident on which to found the tax. The appellant does not claim a privilege of "storing, using or consuming" the property, and these are the only incidents which trigger the use tax.

The decision of the Administrative Hearing Commission is reversed.

All concur.