**U.S. SPRINT COMMUNICATIONS, CO., A Limited Partnership, Appellant,**

**v.**

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 45340.**

Missouri Court of Appeals, Western District.

July 7, 1992.

Application for Transfer to Supreme Court Denied Sept. 1, 1992.

Charles R. Wunsch, Kansas City, for appellant.

William L. Webster, Atty. Gen., Carole Lewis Iles, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

KENNEDY, Judge.

This is a claim for a refund of $55,323.31 in use taxes allegedly overpaid by Sprint to the State of Missouri for the period beginning April 1, 1987, and ending August 31, 1988. The Director of Revenue denied the claim, and the denial was sustained by the Administrative Hearing Commission upon Sprint's appeal. Sprint appealed to the Supreme Court on the ground that the appeal involved the construction of a revenue law

of Missouri, Mo. Const. art. V, § 3, but the Supreme Court transferred the appeal to this court; it deemed the appeal to involve, not the construction, but the application, of the revenue laws.

Sprint, during the period in question, was engaged in the construction of a digital, fiber-optic nationwide telecommunications network. It established strategically located warehouses throughout the nation, including two in Missouri. It would purchase large quantities of tangible personal property and store it in the warehouses. From the warehouses it would withdraw property as needed at various construction sites within and without Missouri. The property we are concerned with here is property purchased outside Missouri, delivered to a Missouri warehouse, kept there for periods of time ranging from one day to three months, then withdrawn and delivered to construction sites outside Missouri.

Sprint paid use taxes on all the property purchased outside Missouri and received in its Missouri warehouses, then claimed a refund of those taxes attributable to property delivered to sites outside Missouri. As to that property, says Sprint, it was not "used" in Missouri, within the meaning of Sections 144.605(13), RSMo Supp.1990 and 144.610, RSMo 1986,[1] nor was its "storage" a taxable event under that statute.

■ Missouri's Compensating Use Tax Law, Sections 144.600–144.801, taxes "the privilege of storing, using or consuming" tangible personal property in this state. Nobody says the property in question was "consumed" in Missouri. The question is whether it was either used or stored in Missouri.

Section 144.605(13) defines use as "the exercise of any right or power over tangible personal property incident to the ownership or control of that property, except that it does not include storage...."

Sprint says it was not using the property, because it was storing it, and storage takes the property out of the definition of use ..., but, then it says it was not storing the property either, because storage is defined as "any keeping or retention in this state of tangible personal property purchased from a vendor for any purpose, except ... subsequent use solely outside the state...." Section 144.605(10), RSMo Supp.1990. So Sprint says, since the property was "purchased ... for (the purpose of) subsequent use solely outside the state," it was not "stored" in Missouri.

Sprint's argument would at first seem to impale it on the horns of a dilemma. Sprint attempts to resolve the dilemma by an argument which is in essence that the storage that takes its property out of the term "use" does not necessarily put it in the definition of *taxable* storage.

■ The property was not segregated from other property of like kind, either at the time of purchase, or at the time of receipt in the warehouse, or at any time until the time came to withdraw it from the mass and send it to an outstate destination. It cannot be said of any particular item of property at the time of its purchase that it was purchased for the purpose of subsequent use solely outside the state. One could only say of a particular item of property that it might be used outside the state, or it might be used within the state. Of the mass of property, it may only be said at the time of its purchase that some undetermined and undivided part of it would be later used outside the state. How much of the property, if any at all, would be withdrawn from the mass for use outside the state; which particular items of property; and when the withdrawal should be made, all were within Sprint's control. This scheme we believe does not bring any part of the property within the definition of property "purchased ... for (the purpose

---

**1.** Section 144.610, in pertinent part, provides: "A tax is imposed for the privilege of storing, using or consuming within this state any article of tangible personal property purchased on or after the effective date ... in an amount equivalent to the percentage imposed on the sales price in the sales tax law in Section 144.020. This tax does not apply with respect to the

storage, use or consumption of any article of tangible personal property purchased, produced or manufactured outside this state until the transportation of the article has finally come to rest within this state or until the article has become commingled with the general mass of property of this state...."

of) subsequent use solely outside the state." In order to come within this definition, the purpose must exist with respect to particular property at the time of its purchase to use the property solely outside the State.

Our application of the statutory phrase "purchased ... for (the purpose of) subsequent use solely outside the state" is in keeping with the tenor of the statute. It is in keeping also with the tenor of *R & M Enterprises, Inc. v. Director of Revenue*, 748 S.W.2d 171 (Mo. banc 1988). From the latter case, the following language is appropriate to the present case:

> The books, nevertheless, are delivered directly to the appellant at its principal office in Missouri, and until it ships them to the retailers, it has complete dominion and control over them. They come to rest in Missouri and may properly be said to have become "commingled with the general mass of property of the state." It has the privilege of "using," in the sense of the statute. It makes no difference that it may assert this privilege only a very brief time. The privilege of using is the occasion for taxation.

Judgment affirmed.

All concur.