VAL-PAK OF OMAHA, INC., APPELLANT, V. DEPARTMENT OF REVENUE OF THE STATE OF NEBRASKA AND MUCHO BERRI BALKA, TAX COMMISSIONER FOR THE STATE OF NEBRASKA, APPELLEES.

545 N.W.2d 447

Filed April 5, 1996. No. S-94-428.

David A. Ludtke and Stanley J. Andersen, of Rembolt Ludtke Parker & Berger, for appellant.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Val-Pak of Omaha, Inc. (Val-Pak), appeals the order of the Lancaster County District Court which affirmed the state Tax Commissioner's denial of Val-Pak's claim for a refund of Nebraska use tax.

## SCOPE OF REVIEW

A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. See, Neb. Rev. Stat. § 84-918(3) (Reissue 1994); *Lee v. Nebraska State Racing Comm.*, 245 Neb. 564, 513 N.W.2d 874 (1994).

## FACTS

Val-Pak is a Nebraska business licensed under an agreement with Val-Pak Direct Marketing Systems, Inc. (Direct Marketing), of Largo, Florida. Between 1987 and 1991, Val-Pak operated a direct-mail advertising business in Omaha, Nebraska, and surrounding areas in Nebraska and Iowa. Direct Marketing prints advertising material and delivers it to residents by mail. The agreement between Val-Pak and Direct Marketing provided that Val-Pak had the right to secure and arrange for the distribution of advertising material under the system provided by Direct Marketing within the territory specified in the agreement.

Direct Marketing agreed to "print and mail all material needed to complete [Val-Pak's] distribution." Val-Pak agreed to

"pay [Direct Marketing's] prevailing rates for all work ordered." Direct Marketing billed Val-Pak for the cost of producing, printing, and distributing advertising material in Nebraska.

Val-Pak entered into "participation agreements" with local businesses for the preparation and distribution by mail of advertising materials within a designated area. Under these participation agreements, Val-Pak agreed to provide assistance in planning and preparing draft copies and proofs of the proposed advertising. Val-Pak also agreed to arrange the printing of the advertising materials, their insertion into envelopes, and their distribution through the mail.

Val-Pak's employees secured customers' participation in direct-mail advertising and prepared the preliminary advertising material for submission to Direct Marketing. When the preliminary advertising material was completed and approved by a customer, it was forwarded to Direct Marketing, which prepared a proof copy for review by the customer. The returned proof copy was reviewed by the customer for accuracy. Pursuant to the participation agreement, the customer then paid Val-Pak for its services.

The final proof was returned to Direct Marketing for production and distribution. Direct Marketing purchased the printing materials, published the advertisement, purchased the envelopes, stuffed the envelopes with the printed materials, paid the postage, and mailed the materials to residents in an area designated by Val-Pak. Val-Pak never took physical possession of the materials distributed by Direct Marketing. Direct Marketing was then paid by Val-Pak pursuant to the licensing agreement between Val-Pak and Direct Marketing.

The Tax Commissioner issued a notice of deficiency determination and assessment against Val-Pak for use tax due for the period of 1987 through 1991, in the amount of $12,180.80. The assessment was based upon Val-Pak's failure to remit use tax on its purchase and use of tangible personal property provided by Direct Marketing and distributed in Nebraska pursuant to Val-Pak's specifications. Val-Pak paid the assessment and subsequently filed a claim for refund on September 22, 1992, and an amended claim for refund on

September 25. The Tax Commissioner denied Val–Pak's original and amended refund claims in a letter dated December 15.

## ASSIGNMENTS OF ERROR

Val–Pak makes three assignments of error: The district court erred (1) in determining that the regulations of the Nebraska Department of Revenue do not exempt Val–Pak's activities from Nebraska use tax, (2) in determining that Val–Pak used or consumed tangible personal property in the State of Nebraska, and (3) in affirming the Tax Commissioner's decision and failing to grant Val–Pak's request for relief.

## ANALYSIS

The decisive issue on appeal is whether the district court erred in finding that Val–Pak's purchase and use of advertising materials distributed in Nebraska constituted a use of tangible personal property subject to Nebraska's use tax.

We first set forth the applicable statutes in effect at the time Val–Pak's claim for refund was filed. Neb. Rev. Stat. § 77–2703 (Cum. Supp. 1992) provided:

> (1) There is hereby imposed a tax . . . upon the gross receipts from all sales of tangible personal property sold at retail in this state . . . .
>
> . . . .
>
> (2) A use tax is hereby imposed on the storage, use, or other consumption in this state of tangible personal property purchased, leased, or rented from any retailer and on any transaction the gross receipts of which are subject to tax under subsection (1) of this section on or after June 1, 1967, for storage, use, or other consumption in this state at the rate set as provided in subsection (1) of this section on the sales price of the property or, in the case of leases or rentals, of the lease or rental prices.

"Use" was defined as "the exercise of any right or power over tangible personal property incident to the ownership or possession of that tangible personal property . . . ." Neb. Rev. Stat. § 77–2702.23 (Cum. Supp. 1992). "Tangible personal property" was defined as "personal property which may be seen, weighed, measured, felt, or touched or which is in any

other manner perceptible to the senses . . . ." Neb. Rev. Stat. § 77-2702.20 (Cum. Supp. 1994). A "retailer" was defined as "[a]ny seller engaged in the business of making sales of tangible personal property for . . . use, or other consumption . . . ." Neb. Rev. Stat. § 77-2702.14(1) (Cum. Supp. 1992). Section 77-2703(2)(f) provided: "It shall be further presumed . . . that tangible personal property shipped or brought to this state by the purchaser after June 1, 1967, was purchased from a retailer on or after that date for . . . use, or other consumption in this state."

The district court found that Val-Pak's control over the preparation and distribution of the direct-mail advertising materials constituted the exercise of a right or power over tangible personal property and, therefore, involved a taxable use as defined in § 77-2702.23. The district court relied upon *Comfortably Yours, Inc. v. Director, Division of Taxation*, 12 N.J. Tax 570 (1992), *aff'd* 272 N.J. Super. 540, 640 A.2d 862 (1994). In that case, the New Jersey Tax Court held that the taxpayer's control over distribution of the catalogs was an "economic utilization" of the catalogs and, therefore, qualified as a "use" under New Jersey law.

Val-Pak argues that § 77-2703(2) did not provide for a use tax to be imposed when the property was "economically utilized" in this state. Val-Pak asserts that the tax is imposed when the property is *used* in this state, as use is defined by § 77-2702.23, and that since Val-Pak does not have any conceivable right or power over the advertising fliers after they are delivered to a post office in Florida, a use tax should not be imposed upon Val-Pak.

Val-Pak refers us to other jurisdictions which have determined that there is no "use" of materials for purposes of imposing a use tax when catalogs are printed outside of the jurisdiction and distributed by common carriers to post offices for delivery to recipients. See, *Mervyn's v. Arizona Dept. of Revenue*, 173 Ariz. 644, 845 P.2d 1139 (1993); *May Dept. Stores v. Director of Revenue*, 748 S.W.2d 174 (Mo. 1988); *Modern Merchandising v. Dept. of Revenue*, 397 N.W.2d 470 (S.D. 1986); *Department of Revenue v. Horne Directory, Inc.*, 105 Wis. 2d 52, 312 N.W.2d 820 (1981); *District of Columbia*

*v. W. Bell & Co., Inc.*, 420 A.2d 1208 (D.C. 1980); *Bennett Bros. v. Tax Comm.*, 62 A.D.2d 614, 405 N.Y.S.2d 803 (1978); *Mart Realty, Inc. v. Norberg*, 111 R.I. 402, 303 A.2d 361 (1973). For the reasons set forth below, we conclude that these cases are not applicable to our decision, nor is *Comfortably Yours, Inc.*, upon which the district court relied.

The regulations of the Department of Revenue specifically provide that advertising services similar to those performed by Val–Pak are subject to tax. Agency regulations that are properly adopted and filed with the Secretary of State have the effect of statutory law. *Nucor Steel v. Leuenberger*, 233 Neb. 863, 448 N.W.2d 909 (1989). Our decision is controlled by 316 Neb. Admin. Code, ch. 1, § 056 (1984), which states in part:

> REG–1–056 ADVERTISING AND ADVERTISING AGENCIES
>
> 056.01 INTRODUCTION
>
> . 056.01A The determination of the sales and use tax liability of an advertising agency is dependent upon whether the agency is performing a service which does not result in the transfer of title or possession of tangible personal property or is engaged in an activity which results in the transfer of title or possession of tangible personal property.
>
> When an advertising agency is providing a service to its customers, as set out in the following sections 056.02A, 056.02B, and 056.04A, it is the ultimate consumer of all materials and services purchased by it and used in providing that service. The advertising agency is liable for payment of the applicable sales or use tax on the agency's cost of providing that service, regardless of the relationship between the agency and its customer.

Val–Pak has conceded that it acted as an advertising agency and provided a service to its customers. Thus, pursuant to § 056.01A, Val–Pak is the ultimate consumer of all materials and services purchased by it and used in providing that service. Val–Pak is therefore liable for payment of the applicable use tax on its cost of providing that service regardless of its relationship with its customer.

Val–Pak argues that § 056.02B4 exempts Val–Pak from the tax. Section 056.02 states in pertinent part:

056.02 ADVERTISING SERVICES WHICH DO NOT RESULT IN THE TRANSFER OF TANGIBLE PERSONAL PROPERTY.

. . . .

056.02B ADVERTISING SERVICES. Sales tax does not apply to charges by an advertising agency for services that are not a part of the sale of tangible personal property or do not represent labor or service cost in the agency's production of any tangible personal property which is subject to the tax. (See section 056.01A)

Examples of such services are:

. . . .

056.02B4 Providing an advertising service by placing and/or arranging for the placing of an advertisement in media, such as newspapers, magazines, or other publications if no transfer of tangible personal property to the customer is involved. This occurs when an advertising agency is hired to develop an idea for a customer and arranges for publication by contracting with a publisher. As part of this service the agency prepares finished art which is sent to the publisher to be used for reproduction purposes. After such use, the finished art is either discarded or returned to the agency. The agency then bills its customer for various itemized charges such as creating, planning, layout, finished art work, photoprints, typography, and the charges by a newspaper or magazine for publication. Although in such a situation the customer derives economic benefit from the publication of the advertisement, they do not receive title to, or possession of the finished art or any other tangible personal property. The agency is providing an advertising service which is not subject to tax.

The provisions of § 056 must be read in conjunction with each other. Under § 056.01A, Val–Pak is the ultimate consumer of all materials and services purchased by it in providing the service to its customers. Under § 056.02B, sales tax does not apply to charges by an advertising agency for services that are

not part of the sale of tangible property or do not represent labor or service cost in the agency's production of any tangible personal property which is subject to the tax. When considered together, §§ 056.01A and 056.02B make it clear that Val–Pak is liable for payment of the applicable use tax on the cost of providing its service, i.e., "all materials and services purchased by it and used in providing that service."

For the reasons set forth herein, the judgment of the district court is affirmed.

AFFIRMED.