David B. and Karen M. HOLM, Respondents,

v.

DIRECTOR OF REVENUE, Appellant.

No. SC 85928.

Supreme Court of Missouri, En Banc.

Nov. 9, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, MO, for Appellant.

David B. Holm, Cooksville, Maryland or David B. Holm, Westminster, Maryland, for Respondents.

RONNIE L. WHITE, Chief Justice.

## I.

The Holms challenged the Director of Revenue's (Director) assessment of sales tax and penalties on their purchase of a vehicle while they were living in Missouri. The Administrative Hearing Commission (AHC) ruled the Holms were not liable for the tax and penalties, and the Director seeks review of that decision. Because this case involves the construction of the state's revenue laws, and because by statute petitions for review of AHC decisions are brought to this Court when the issues fall within its jurisdiction, jurisdiction is proper in this Court.[1] The decision of the AHC is reversed.

## II.

David and Karen Holm, permanent residents of Maryland, were living in Columbia, Missouri, while Karen was completing an 11–month externship. During their stay in Missouri, the Holms purchased a truck; however, they did not register the truck or pay tax on the purchase in either state. The Director subsequently assessed the Holms $798.53 in state sales tax, $567.00 in local sales tax, and a title penalty of $100 for their failure to register the truck or pay Missouri taxes on the purchase. The Holms sought review with the AHC. After hearing, the AHC concluded the Holms were not legally required to title and register their truck in Missouri. Consequently, they were held not to be liable for the taxes or penalties. The Director was granted a rehearing, and the AHC reached the same findings and conclusions.

## III.

"Interpretations of the state's revenue laws by the AHC are reviewed de novo and are upheld when authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly. Substantial evidence, is evidence, which if true, has probative force; it is evidence from which the trier of fact reasonably could find the issues in harmony therewith." [2]

Section 144.020.1(1) imposes a sales tax "[u]pon every retail sale in this state of tangible personal property." Vehicles, such as the truck purchased by the Holms, are "tangible personal property" and are subject to sales tax when purchased within the state. "The purchase ... of motor vehicles ... shall be taxed and the tax paid as provided in sections 144.070 and 144.440." [3] Section 144.070 requires payment before the purchaser can register the vehicle with the Director of Revenue. Registration is required of "[e]very owner of a motor vehicle or trailer, which shall be operated or driven upon the highways of this state." [4] Pursuant to § 301.271, there

---

1. Mo. Const. art. V, sec. 3; section 621.189. All statutory references are to RSMo 2000 unless otherwise noted.

2. *Sprint Communications Co., L.P. v. Director of Revenue*, 64 S.W.3d 832, 834 (Mo. banc 2002) (overruled on other grounds in *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)); See also sections 621.193, 621.189, 621.050.

3. Section 144.020.1(8).

4. Section 301.020.1. Although the registration is usually obtained pursuant to § 144.070, it is also required by § 301.030.2: "motor vehicles ... operated for the first time upon the public highways of this state, after the fifteenth day of any given month, shall be subject to registration and payment of a fee for the twelve-month period commencing the

is an exception for those whose vehicles are legally registered in another state. However, the vehicle *must* be registered somewhere in order to be driven in Missouri, and if a nonresident purchaser does not register the vehicle in another state, the purchaser is necessarily required to register it in Missouri to drive it here.

The AHC found that the Holms were Maryland residents and that the dealer selling them the truck transferred the license plates from their old vehicle to the new one. Maryland law allows such a transfer as long as the owners register and title the vehicle in Maryland within 60 days.[5] The Holms failed to comply with Maryland law. While a nonresident can drive a vehicle in Missouri without Missouri registration by virtue of § 301.271, this exception only applies if the nonresident timely registers the vehicle elsewhere.[6] The nonresident who purchases and drives a vehicle in Missouri must register it somewhere, and having failed to timely do so in Maryland, the Holms cannot avoid the responsibility to register it in this state and pay Missouri state and local sales tax.

## IV.

The decision of the Administrative Hearing Commission is reversed.

WOLFF, STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., and BLACKMAR, Sr.J., concur.

RUSSELL, J., not participating.

first day of the next following calendar month."

5. Md. Trans. Code Ann. § 13–503(b).

6. The truck was registered in Maryland on October 25, 2002, long after the 60 days provided for under Maryland law for transferring the prior license plates—the purchase of the vehicle occurring on February 20, 2002.