**KIRKWOOD GLASS CO.,
INC., Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent.**

No. SC 86347.

Supreme Court of Missouri,
En Banc.

June 21, 2005.

Rehearing Denied Aug. 2, 2005.

James C. Owens, Katherine S. Walsh, Chesterfield, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Roger Freudenberg, Missouri Department of Revenue, Jefferson City, MO, for Respondent.

Galen P. Beaufont, William D. Geary, Kansas City, MO, for amicus curiae Missouri Municipal League, St. Louis County Municipal League, and City of Kansas City.

Ivan L. Schraeder, St. Louis, MO, for amicus curiae Missouri Association of Counties.

Patricia A. Hageman, Edward J. Hanlon, Office of the City Counselor, St. Louis, MO, for amicus curiae City of St. Louis.

**PETITION FOR REVIEW OF A DE-CISION OF THE ADMINISTRA-TIVE HEARING COMMISSION**

LAURA DENVIR STITH, Judge.

In January 2003, Kirkwood Glass filed an application for a use tax refund with the

Department of Revenue, alleging an overpayment of local use taxes and seeking a refund for amounts remitted from September 1999 through June 2002. It claimed that the Missouri statutes permitting cities and other localities to impose local use taxes, *see* sections 144.757 to 144.761, RSMo 2000[1], violate article I, section 8, clause 3 of the United States Constitution (the "Commerce Clause").

Specifically, Kirkwood Glass argues that Missouri's use tax statutes impermissibly burden interstate commerce. It notes that under some circumstances the statutes permit a purchaser to pay less in sales tax to purchase an item at retail from a particular Missouri local jurisdiction than it would pay in use tax if it purchased the same item from an out-of-state vendor but had it delivered to a different, higher-taxing Missouri local jurisdiction. It concedes the purchaser would pay the same or less use tax as sales tax if it had the item delivered by the out-of-state vendor to the local Missouri taxing jurisdiction in which it bought the item at retail.

The Director of Revenue denied Kirkwood Glass' application for refund. It sought review of the decision by the Administrative Hearing Commission (AHC), which upheld the denial of the application for refund, finding it had no authority to reach the constitutional issue. Because Kirkwood Glass' appeal concerns the construction and validity of the revenue laws of the State, review is by this Court. Mo. Const. art. V, sec. 3.

The AHC properly denied Kirkwood Glass' application for refund. A court is not required to compare purchases in one jurisdiction with deliveries to another jurisdiction in determining the constitutionality of a use tax. Under the United States Supreme Court's decision in *Associated Industries of Missouri v. Lohman*, 511 U.S. 641, 647, 114 S.Ct. 1815, 128 L.Ed.2d 639 (1994), a statute permitting imposition of a local use tax does not unconstitutionally burden interstate commerce where, as here, the statute requires such local use taxes to be less than or equal to the sales tax imposed on goods purchased in the locality to which the out-of-state item is delivered. Accordingly, the decision of the AHC is affirmed.

## I.  ANALYSIS

### A.  Standard of Review.

■ This Court upholds the factual determinations of the AHC "when authorized by law and supported by competent and substantial evidence ...". Sec. 621.193. *See also Ford Motor Co. v. Dir. of Revenue*, 97 S.W.3d 458, 460 (Mo. banc 2003). In the instant case, the parties submitted this case on stipulated facts. This Court determines issues of law, including the constitutionality of Missouri statutes, *de novo. Id.*

### B.  Missouri Sales Tax Laws.

■ Missouri imposes a uniform state use tax "for the privilege of storing, using or consuming within this state any article of tangible personal property ...". Sec. 144.610. Use taxes are meant to complement, supplement, and protect sales taxes by eliminating the incentive to purchase from out-of-state sellers in order to avoid local sales taxes. *Fall Creek Const. Co., Inc. v. Dir. of Revenue*, 109 S.W.3d 165, 169 (Mo. banc 2003). They do this by taxing transactions in which no sales tax can be imposed because the items were purchased outside of Missouri. *Smith Beverage Co. of Columbia, Inc. v. Spradling*, 533 S.W.2d 606, 607 (Mo.1976).

---

**1.**  All statutory citations are to RSMo 2000 unless otherwise indicated.

Cities such as Kirkwood, and other local jurisdictions, are authorized to impose a local sales tax on purchases made at retail within a particular local jurisdiction. Sec. 32.087, RSMo Supp.2004. Only if a local taxing jurisdiction chooses to impose such a local sales tax does the Missouri statute permit that jurisdiction to impose a local use tax, and the statute provides that the local use tax cannot be greater than the local sales tax imposed in the particular locality involved. Sec. 144.757.

■ Essentially, this means that in jurisdictions that have elected to impose them, local use taxes may be collected on the sale of goods that are purchased outside of Missouri and delivered to the jurisdiction in question in an amount equal to or less than the local sales tax. *Id.*; 12 C.S.R. 10–117.100(1). For instance, if a local jurisdiction, such as a city, imposes a local sales tax of 3.10 percent on purchases made at retail in the city, then it may impose a local use tax on purchases made from out-of-state vendors but delivered to persons in that city of not more than 3.10 percent. Sec. 144.757.

*C. Commerce Clause Limitations on Local Use Taxes.*

Kirkwood Glass now challenges sections 144.757, 144.759, and 144.761, alleging that these statutes, and local use taxes imposed in reliance on them, violate the Commerce Clause of the United States Constitution, article I, section 8, clause 3, by impermissibly discriminating against interstate commerce.

■ The Commerce Clause grants power to Congress to regulate commerce among the various States. U.S. Const. art. I, sec. 8, cl. 3. Implicit in the clause is also the "negative" or "dormant" command that "a State may not tax a transaction or incident more heavily when it crosses state lines than when it occurs entirely within

the State ...". *Associated Industries*, 511 U.S. at 647, 114 S.Ct. 1815 (internal quotations omitted). *See also Oregon Waste Systems, Inc. v. Dept. of Environmental Quality*, 511 U.S. 93, 98, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994).

■ It is clear that the Commerce Clause does not prohibit all state or local use taxes. If a state or locality imposes a sales tax, it may impose a compensatory use tax, but the use tax must be truly compensatory in nature, that is, "the burdens imposed on interstate and intrastate commerce must be equal." *Associated Industries*, 511 U.S. at 648, 114 S.Ct. 1815. *See also Halliburton Oil Well Cementing Co. v. Reily*, 373 U.S. 64, 70, 83 S.Ct. 1201, 10 L.Ed.2d 202 (1963) ("equal treatment for in-state and out-of-state taxpayers similarly situated is the condition precedent for a valid use tax on goods imported from out-of-state"). If a use tax is compensatory, it is valid and will not be struck down as discriminating against interstate commerce. *Henneford v. Silas Mason Co., Inc.*, 300 U.S. 577, 582–83, 57 S.Ct. 524, 81 L.Ed. 814 (1937).

The 1992 version of the Missouri use tax analyzed by the Supreme Court in *Associated Industries* was not merely compensatory. Sec. 144.748, RSMo Supp.1992 (repealed 1996), imposed a uniform state *use* tax of 1.5 percent on each item bought out-of-state and delivered to Missouri, even if the item was delivered to a person or entity in a local taxing jurisdiction that imposed no, or a lesser, local *sales* tax.

As the Supreme Court noted, this meant that a person who purchased an item at retail in a city with a local sales tax of less than 1.5 percent would pay less tax than would a person who lived in that city who ordered the item from an out-of-state vendor and so had to pay the uniform 1.5 percent state use tax. The two taxes, thus, were not substantially equivalent,

and the use tax, therefore, was constitutionally infirm, for, "[w]here the use tax exceeds the sales tax, the discrepancy imposes a discriminatory burden on interstate commerce." *Associated Industries,* 511 U.S. at 649, 114 S.Ct. 1815. The Supreme Court remanded for this Court to determine whether the unconstitutional provisions could be severed.

*D. Constitutionality of Missouri's Amended Local Use Tax Statutes.*

On remand, this Court found that the unconstitutional provisions could not be severed and struck down section 144.748 in its entirety. *Associated Industries of Missouri v. Dir. of Revenue,* 918 S.W.2d 780, 785 (Mo. banc 1996). The legislature then enacted the use tax laws at issue in this case, sections 144.757 to 144.761. These laws were intended to avoid the pitfalls identified by the Supreme Court in *Associated Industries* by providing that a local jurisdiction's use tax cannot be greater than its sales tax, stating:

> Any county or municipality . . . may, by a majority vote of its governing body, impose a local use tax if a local sales tax is imposed as defined in section 32.085, RSMo, *at a rate equal to the rate of the local sales tax* in effect in such county or municipality . . .

Sec. 144.757 (emphasis added).[2]

Kirkwood Glass now argues that the challenged laws again result in an impermissible burden on interstate commerce because it is possible for Kirkwood and other buyers to pay more use tax in one Missouri city than they would pay in sales tax if they purchased goods in a different Missouri city. Specifically, the parties stipulated that when Kirkwood Glass purchased goods in the city of Kirkwood, it

paid a total *sales* tax of 7.325 percent. This was made up of a state sales tax of 4.225 percent and a local city sales tax of 3.10 percent. The city's local use tax was 1.25 percent. So, when Kirkwood Glass bought an item from an out-of-state vendor and had it delivered to itself in the city, it paid a state use tax of 4.225 percent and a local use tax 1.25 percent, or a total *use* tax of 5.475 percent. Thus, it actually paid less in use tax than sales tax. This is constitutionally permissible, for, although a use tax can only be compensatory for a sales tax, the Supreme Court has "not suggested that lesser burdens on interstate trade are impermissible . . .". *Associated Industries,* 511 U.S. at 652 n. 4, 114 S.Ct. 1815.

The parties' stipulation also provides that if Kirkwood Glass purchases goods in the town of Williamsburg, it incurs a total sales tax of only 4.725 percent because Williamsburg has a local city sales tax of only .5 percent. Williamsburg has no use tax. Thus, Williamsburg does not discriminate against interstate commerce, because a person buying a product from out-of-state for delivery in Williamsburg would pay .5 percentage points less use tax on the product than he or she would pay in sales tax were the item bought in Williamsburg.

■ But, Kirkwood Glass says, if it bought an item in Williamsburg, it would pay less sales tax than if it bought that item from an out-of-state vendor and had it delivered to Kirkwood. This, it asserts, constitutes an improper burden on interstate commerce. The question for this Court, then, is whether, by permitting such a result, Missouri's use tax statutes

---

**2.** A prior version of the law, enacted in 1990, was repealed before it went into effect. Sec. 144.747, Supp.1990 (repealed). In 2004, the Missouri General Assembly made minor amendments to two of the challenged statutes, sections 144.757 and 144.759, RSMo Supp. 2004, which are not relevant to this opinion.

discriminate against interstate commerce by authorizing *local taxing jurisdiction A* to impose local *use* taxes on out-of-state purchases that are higher than local *sales* taxes that *local taxing jurisdiction B* would impose on similar purchases made in that locality. The answer is found in the Supreme Court's decision *Associated Industries.*

■ In striking down the Missouri statute at issue in that case, the Supreme Court made very clear that under the Commerce Clause, it is *"in localities where the use tax exceeds the sales tax,* [that] the system is impermissibly discriminatory ...". *Associated Industries,* 511 U.S. at 643, 114 S.Ct. 1815 (emphasis added). In other words, in determining whether a use tax is considered to be compensatory for a sales tax and therefore not discriminatory, one compares the use tax imposed *on purchases subject to use tax in a particular local jurisdiction* with other purchases *subject to sales tax made in that same local jurisdiction.* One does not compare purchases made in the first jurisdiction with those made in some other locality. As the Supreme Court stated in striking down the former version of Missouri's use tax, which imposed the same 1.5 percent use tax in every Missouri jurisdiction, even if the local sales tax were a lesser amount:

> But in Missouri, whether the 1.5% use tax is equal to (or lower than) the local sales tax is a matter of fortuity, depending entirely upon the locality in which the Missouri purchaser happens to reside. *Where the use tax exceeds the sales tax, the discrepancy imposes a discriminatory burden on interstate commerce. Out-of-state goods **brought into such a jurisdiction** are subjected to a higher levy than are goods sold locally.*

*Id.* at 648–49, 114 S.Ct. 1815 (emphasis added).

In other words, *Associated Industries* prohibited a particular local jurisdiction from discriminating against interstate commerce by charging a higher use tax than sales tax, because a state, "may not grant its political subdivisions a power to discriminate against interstate commerce that the State lacked in the first instance." *Id.* at 653, 114 S.Ct. 1815. But, several states "that provide political subdivisions some authority to impose use taxes have devised systems *to ensure that use taxes are not higher than sales taxes within the same taxing jurisdiction." Id.* at 654–55, 114 S.Ct. 1815 (emphasis added), *citing,* Ga.Code Ann., sec. 48–8–110, 111 (Supp. 1994) (couples local use and sales taxes).

This is exactly what the Missouri legislature did when enacting the local use tax laws at issue here. As noted earlier, these statutes expressly provide that no local use tax can be imposed that exceeds the local sales tax of the jurisdiction, by stating:

> Any county or municipality ... may, by a majority vote of its governing body, impose a local use tax if a local sales tax is imposed as defined in section 32.085, RSMo, *at a rate equal to the rate of the local sales tax* in effect in such county or municipality ...

Sec. 144.757 (emphasis added). This means that no purchaser is required to pay a higher tax on items shipped to that jurisdiction than they would if they purchased the item in-state within the same locality. Out-of-state sellers are also assured that purchasers will not pay a higher tax than if the item were purchased in-state within the same locality. In fact, since several jurisdictions within Missouri impose no local use taxes at all, many out-of-state purchases are taxed at a *lower* rate than were the item purchased in-state in the same jurisdiction to which the out-of-state item would be delivered.

## II. CONCLUSION

█ Kirkwood Glass cannot manufacture a constitutional infirmity in the tax laws by manipulating the ultimate location for the sale or delivery of the item. While it, like any purchaser, is free to have items shipped from out-of-state to any local Missouri jurisdiction, just as it is free to purchase items from any local taxing jurisdiction within the state, for commerce clause purposes the courts will compare the use and sales tax charged by a single taxing jurisdiction to determine whether the use tax is compensatory. So long as, within each taxing jurisdiction, an item purchased from an out-of-state vendor will never be taxed at a higher tax than would be charged had the item been purchased from a vendor in that locality, there is no undue burden on interstate commerce.

Because Missouri's use tax statutes requires local use taxes to be limited to an amount that is compensatory for any local sales tax imposed, see *Fall Creek Const. Co.*, 109 S.W.3d at 169, they are constitutional. Accordingly, the AHC's decision is affirmed.

All concur.