**Gregory MACKEY, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. SC 87303.**

Supreme Court of Missouri,
En Banc.

Aug. 8, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for appellant.

Greg Mackey, Lodi, WI, for respondent.

PER CURIAM.

Gregory Mackey lived in Springfield, Missouri. He purchased a motorcycle there and loaded it on a trailer. He took it to Wisconsin, where he was moving. He

did not register the motorcycle in Missouri and paid no sales tax or other fees. The director of revenue sought to impose the tax and fees. The administrative hearing commission (AHC) determined that Mackey was not a Missouri resident and that he did not operate or drive the motorcycle upon the highways of this state. It correctly agreed with Mackey that no tax or fees were due. As the case involves the construction of the revenue laws of this state, this Court has jurisdiction. *Mo. Const. article V, section 3*. The commission's decision is affirmed.

## Standard of Review

■ In reviewing the AHC's decision, the Court may not determine the weight of the evidence or substitute its discretion for that of the administrative body; the Court's function is to determine primarily whether competent and substantial evidence upon the whole record supports the decision, whether the decision is arbitrary, capricious, or unreasonable, and whether the commission abused its discretion. *Psychare Management, Inc. v. Department of Social Services Div. of Medical Services*, 980 S.W.2d 311, 312 (Mo. banc 1998).

■ The AHC's interpretations of the state's revenue laws are reviewed de novo. They are upheld when authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly. Substantial evidence is evidence that if true has probative force; it is evidence from which the trier of fact reasonably could find the issues in harmony therewith. *Holm v. Director of Revenue*, 148 S.W.3d 313, 314 (Mo. banc 2004).

1. All statutory citations are to RSMo 2000. After this case was initiated, chapter 301 was amended. *Chapter 301, RSMo Supp.2005.*

## Discussion of the Facts

■ The AHC determined that Mackey was not a Missouri resident when he purchased the motorcycle. It found Mackey had a home in Wisconsin, had moved half his belongings there, and had no intention to remain in Missouri. It also found Mackey did not drive the motorcycle in Missouri and registered the motorcycle in Wisconsin. On these facts, competent and substantial evidence upon the whole record supports the AHC's decision that Mackey was not a Missouri resident, that decision is not arbitrary, capricious, or unreasonable, and the AHC did not abuse its discretion.

## Discussion of the Statutes

Section 144.020.1(1) [1] imposes a sales tax upon every retail sale in this state of tangible personal property. Motor vehicles are tangible personal property and are subject to sales tax when purchased within the state. A motorcycle is a motor vehicle. *Section 301.010(35)*. However, the sale of motor vehicles shall be taxed and the tax paid as provided in sections 144.070 and 144.440. *Section 144.020.1(8)*.

The director frames the question as whether sales tax is due when the purchaser uses a Missouri address and does not register the vehicle in some state within the period Missouri's statute requires registration. The more correct question is whether a non-resident purchasing a motor vehicle in Missouri who does not operate or drive the motor vehicle upon the highways of this state is liable for sales tax.

Section 144.070 provides:

The Court does not decide whether those amendments would result in the same or a different result.

144.070. 1. At the time the owner of any new or used motor vehicle ... which was acquired in a transaction subject to sales tax under the Missouri sales tax law makes application to the director of revenue for an official certificate of title and the registration ... as otherwise provided by law, he shall present to the director of revenue evidence satisfactory to the director of revenue showing the purchase price exclusive of any charge incident to the extension of credit paid by or charged to the applicant in the acquisition of the motor vehicle, ... or that no sales tax was incurred in its acquisition, and if sales tax was incurred in its acquisition, the applicant shall pay or cause to be paid to the director of revenue the sales tax provided by the Missouri sales tax law in addition to the registration fees now or hereafter required according to law, and the director of revenue shall not issue a certificate of title for any new or used motor vehicle ... subject to sales tax as provided in the Missouri sales tax law until the tax levied for the sale of the same under sections 144.010 to 144.510 has been paid as herein provided....

■■ This section clearly provides that the sales tax is not payable until the motor vehicle is subject to registration and titling. *State ex rel. Consrv. Com'n v. LePage*, 566 S.W.2d 208, 210 (Mo. banc 1978). The director points to no statute that requires a nonresident to register a motor vehicle if the nonresident does not operate or drive the motor vehicle upon the highways of this state. To the contrary, the statutes repeatedly qualify the duty to register to operating or driving the motor vehicle upon the highways of this state. *See, e.g., section 301.020.1* (annual registra-

tion required of motor vehicle operated or driven on highways of this state); *section 301.030.2* (determining registration period for motor vehicle operated for first time upon public highways of this state); *section 301.080.2* (in case of new vehicle, the legal date of application for registration shall be the date on which such vehicle was first operated on the public highways after it was acquired); *section 301.100* (motor vehicles not previously registered in Missouri and operated for the first time on the public highways of this state may be initially registered for less than 12 month period).[2]

### Conclusion

As Mackey was a nonresident with no requirement to register his motorcycle, no sales tax or other fees were due on his motorcycle. The AHC decision is affirmed.

All concur.

---

2. *Holm v. Director of Revenue*, 148 S.W.3d 313 (Mo. banc 2004), is distinguishable as the buyers in that case, although nonresidents,

used the roads in Missouri for approximately six months.