Jason D. PRESTON, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. SC 87401.

Supreme Court of Missouri,
En Banc.

Sept. 12, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for appellant.

Jason D. Preston, Lee's Summit, pro se.

PER CURIAM.

Jason Preston was a resident of Kansas. He purchased a car in Blue Springs, Missouri, placed his Kansas license plates on the motor vehicle, and drove immediately to Kansas. He did not register the car in Missouri and paid no sales tax or other fees. The director of revenue sought to impose the tax and fees. The administrative hearing commission (AHC) determined that Preston was not a Missouri resident, did not drive an unregistered car in Missouri, and did not owe the tax and fees assessed. As the case involves the construction of the revenue laws of this state, this Court has jurisdiction. *Mo. Const. article V, section 3.* The commission's decision is affirmed.

### Standard of Review

In reviewing the AHC's decision, the Court may not determine the weight of the evidence or substitute its discretion for that of the administrative body; the Court's function is to determine primarily whether competent and substantial evidence upon the whole record supports the decision, whether the decision is arbitrary, capricious, or unreasonable, and whether the commission abused its discretion.

*Psychare Management, Inc. v. Department of Social Services Div. of Medical Services,* 980 S.W.2d 311, 312 (Mo. banc 1998).

The AHC's interpretations of the state's revenue laws are reviewed de novo. They are upheld when authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly. Substantial evidence is evidence that if true has probative force; it is evidence from which the trier of fact reasonably could find the issues in harmony therewith. *Holm v. Director of Revenue,* 148 S.W.3d 313, 314 (Mo. banc 2004).

### Discussion of the Facts

The parties do not dispute the essential facts that Preston was living in Kansas when he purchased the car or that Preston drove the car from the Blue Springs dealership to a Kansas residence. The director notes that Preston listed a Lee's Summit address on the title application and with a lien holder. The director also notes testimony that Preston visited Missouri four or five times in the same year the car was purchased.

The AHC found that Preston was a Kansas resident and that the director did not contest that fact. Preston presented evidence that he used his father's Lee's Summit address because his own housing arrangements in Kansas were in doubt. Further, the director's evidence as to the visits to Missouri did not contain any evidence connecting those visits to the car that was purchased. Under this record, competent and substantial evidence upon the whole record supports the AHC's decision that Preston was not a Missouri resident. That decision is not arbitrary, capri-

cious, or unreasonable, and the AHC did not abuse its discretion.

### Discussion of the Statutes

■ Section 144.020.1(1) [1] imposes a sales tax upon every retail sale in this state of tangible personal property. Motor vehicles are tangible personal property and are subject to sales tax when purchased within the state. The sale of motor vehicles, however, shall be taxed and the tax paid as provided in sections 144.070 and 144.440. *Section 144.020.1(8).*

■ Section 144.070 provides:

144.070. 1. At the time the owner of any new or used motor vehicle ... which was acquired in a transaction subject to sales tax under the Missouri sales tax law makes application to the director of revenue for an official certificate of title and the registration ... as otherwise provided by law, he shall present to the director of revenue evidence satisfactory to the director of revenue showing the purchase price exclusive of any charge incident to the extension of credit paid by or charged to the applicant in the acquisition of the motor vehicle, ... or that no sales tax was incurred in its acquisition, and if sales tax was incurred in its acquisition, the applicant shall pay or cause to be paid to the director of revenue the sales tax provided by the Missouri sales tax law in addition to the registration fees now or hereafter required according to law, and the director of revenue shall not issue a certificate of title for any new or used motor vehicle ... subject to sales tax as provided in the Missouri sales tax law until the tax levied for the sale of the same under sections 144.010 to 144.510 has been paid as herein provided....

This section clearly provides that the sales tax is not payable until the motor vehicle is subject to registration and titling. *State ex rel. Consrv. Com'n v. LePage,* 566 S.W.2d 208, 212 (Mo. banc 1978).

Section 136.300 provides that with respect to "any issue relevant to ascertaining the tax liability of a taxpayer all laws of the state imposing a tax shall be strictly construed against the taxing authority." The director seeks to avoid this statutory directive by stating that section 144.070 clearly imposes a tax and that it is Preston's burden to demonstrate his exemption from the tax.

The statutes, however, do not clearly address the imposition of the tax on a nonresident where registration of the motor vehicle is not required in Missouri. To the contrary, various statutes condition registration on the motor vehicle being operated or driven on the highways of this state. *See, e.g., section 301.020.1* (annual registration required of motor vehicle operated or driven on highways of this state); *section 301.030.2* (determining registration period for motor vehicle operated for first time upon public highways of this state); *section 301.080.2* (in case of new vehicle, the legal date of application for registration shall be the date on which such vehicle was first operated on the public highways after it was acquired); *section 301.100* (motor vehicles not previously registered in Missouri and operated for the first time on the public highways of this state may be initially registered for less than 12 month period). In addition, section 301.177 prescribes a temporary 15–day permit for non-residents and authorizes a $10 fee. No penalty is prescribed for operating a motor vehicle prior to the time registration is required. Finally, registration is not

---

1. All statutory citations are to RSMo 2000. After this case was initiated, chapter 301 was amended. *Chapter 301, RSMo Supp.2005.*

The Court does not decide whether those amendments would result in the same or a different result.

---

required until 30 days after the applicant acquires the motor vehicle. *See section 301.190.*

In this case, a non-resident purchased a motor vehicle in Missouri and drove it out of state to his residence. There is no other direct evidence that the motor vehicle was later driven or operated on the highways of this state. Under these facts, the standard of review for AHC decisions, and construing the tax liability statutes strictly against the director, the AHC correctly determined that Preston is not liable for the taxes and fees the director seeks to impose.

### Conclusion

The AHC decision is affirmed.

All concur.