Craig A. STREET, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. SC 91371.

Supreme Court of Missouri,
En Banc.

Jan. 31, 2012.

Craig A. Street, Springfield, pro se.

James R. Layton, State Solicitor, Attorney General's Office, Jefferson City, for Respondent.

PATRICIA BRECKENRIDGE, Judge.

Craig A. Street filed a petition asking this Court to review the decision of the Administrative Hearing Commission (AHC) that denied Mr. Street's request for a refund of the local sales taxes the Missouri Director of Revenue required him to pay to license the boat, outboard motor, and trailer he purchased from a dealer in Maryland. Mr. Street claims that the AHC erred because its interpretation of sections 144.069, RSMo 2000,[1] and 32.087.12(2) to permit Greene County's assessment and collection of local sales tax

on his out-of-state purchase is clearly contrary to the reasonable expectations of the General Assembly in enacting the local sales tax statutes. Because the plain and ordinary meaning of the Sales Tax Law, sections 144.010 to 144.525, authorizes a county to impose sales taxes only on sales occurring within Missouri, the decision of the AHC is reversed, and the cause is remanded.

**Factual and Procedural Background**

On May 13, 2009, Mr. Street purchased a boat, outboard motor, and trailer from a dealer located in Maryland. After payment of the purchase price and receipt of the certificate of title, Mr. Street transported the boat, outboard motor, and trailer from their location in Maryland to his residence in Greene County. Five days later, Mr. Street registered the boat, outboard motor, and trailer with the Missouri Department of Revenue, at which time he paid, under protest, local sales taxes of $100 on the boat, $78.75 on the outboard motor, and $12.44 on the trailer pursuant to the procedure in section 144.070. Mr. Street subsequently requested from the director of revenue a refund under section 144.190 for the local sales taxes he paid during the registration. In his request for a refund, Mr. Street asserted that his purchase was not subject to local sales taxes in Missouri because the purchase occurred outside the state. The director denied Mr. Street's request for a refund.

Mr. Street appealed the director's decision by filing a complaint with the AHC. In his complaint, Mr. Street claimed that the purchase of the boat, outboard motor, and trailer in Maryland is not subject to local sales tax in Missouri because the sale of tangible personal property is subject to sales tax only when the transfer of ownership or the certificate of title occurs in

1. Unless otherwise indicated, all statutory ref-    erences are to RSMo Supp.2010.

Missouri. Mr. Street also contended that the tax could not be collected as a local use tax because, at all relevant times, Greene County did not have a local use tax in effect.

In its November 10, 2010 decision, the AHC found that the director properly denied Mr. Street's request for a refund, with the exception of an overpayment of local taxes on the trailer in the amount of $41.25, as conceded by the director. The AHC specifically found that: (1) the General Assembly intended that both in-state and out-of-state purchases of motor vehicles be taxed equally; (2) local sales taxes apply in the same scope as the state Sales Tax Law, sections 144.010 to 144.525; (3) Mr. Street's purchase was subject to state use tax under section 144.440, RSMo 2000, a statute within the state Sales Tax Law; (4) section 144.440, RSMo 2000, is exempted specifically from the Compensating Use Tax Law, sections 144.600 to 144.761; and (5) Mr. Street's out-of-state transaction was deemed to occur in Greene County pursuant to sections 144.069, RSMo 2000, and 32.087.12(2). As a result, the AHC determined that the director properly assessed Greene County sales taxes against Mr. Street. Mr. Street then filed a petition for review with this Court.

## Standard of Review

This Court reviews the decision of the AHC pursuant to section 621.189. Under section 621.193, RSMo 2000, the decision of the AHC is to be "upheld when authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly." *Mackey v. Dir. of Revenue*, 200 S.W.3d 521, 523 (Mo. banc 2006). If the evidence supports either of two opposing findings of fact, deference is afforded to the administrative decision. *Coffer v.*

*Wasson-Hunt*, 281 S.W.3d 308, 310 (Mo. banc 2009). This Court, however, reviews the AHC's interpretations of the state's revenue laws *de novo*. *Mackey*, 200 S.W.3d at 523. Because Mr. Street challenges the AHC's interpretation of statutory language and there is no dispute as to the AHC's findings of fact, this Court exercises its independent judgment and reviews the AHC's decision *de novo*. *Brambles Indus., Inc. v. Dir. of Revenue*, 981 S.W.2d 568, 570 (Mo. banc 1998).

## Discussion

In Mr. Street's sole point of error, he claims that the AHC erred in interpreting sections 144.069, RSMo 2000, and 32.087.12(2) to deem all out-of-state purchases of motor vehicles as occurring at the purchaser's residence in Missouri, which then permits the director to collect Greene County's local sales tax on his out-of-state purchase of a boat, outboard motor, and trailer. Mr. Street contends that imposing a sales tax on retail sales occurring outside the state is inconsistent with the General Assembly's intent that sales taxes be imposed only on retail sales occurring within the state. He challenges the AHC's determination that sections 144.069, RSMo 2000, and 32.087.12(2), which provide that the sale of motor vehicles, trailers, boats, and outboard motors are deemed to have been consummated at the address of the owner, do not compel the conclusion that the sale of the boat, outboard motor, and trailer occurred at his residence in Missouri because the statutes were intended to determine the tax situs only for in-state sales of motor vehicles involving more than one political subdivision of the state.

To resolve Mr. Street's claim of error, this Court must determine the intent of the legislature in enacting the sales and use tax statutes at issue. The pri-

mary rule in statutory construction is to "ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Nelson v. Crane,* 187 S.W.3d 868, 869–70 (Mo. banc 2006). In ascertaining legislative intent, the statute should be read *in pari materia* with related sections, and the taxing statutes should be construed in context with each other. *Lane v. Lensmeyer,* 158 S.W.3d 218, 226 (Mo. banc 2005). If the language of a tax statute is ambiguous, the language is to be construed strictly in favor of the taxpayer and against the taxing authority. *President Casino, Inc. v. Dir. of Revenue,* 219 S.W.3d 235, 239 (Mo. banc 2007).

■ Missouri has a comprehensive and complementary sales and use tax scheme that is "designed to assure that purchases of tangible personal property for valuable consideration by a Missouri purchaser receive identical tax treatment, no matter what the geographic location of the seller." *Olin Corp. v. Dir. of Revenue,* 945 S.W.2d 442, 443 (Mo. banc 1997) (quoting *House of Lloyd, Inc. v. Dir. of Revenue,* 884 S.W.2d 271, 273 (Mo. banc 1994)). A sales tax is imposed on "all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state." Section 144.020.1; *see also Olin Corp.,* 945 S.W.2d at 443. In contrast, a use tax is "imposed for the privilege of storing, using or consuming within this state any article of tangible personal property." Section 144.610.1, RSMo 2000; *see also Smith Beverage Co. of Columbia, Inc. v. Reiss,* 568 S.W.2d 61, 63 (Mo. banc 1978). Because use taxes are imposed on out-of-state purchases of tangible personal property by Missouri residents using the prop-

erty within the state, they are complementary to sales taxes in that they minimize the incentive to purchase from out-of-state sellers by equalizing the tax burden on intrastate and interstate transactions. *Kirkwood Glass Co. v. Dir. of Revenue,* 166 S.W.3d 583, 585 (Mo. banc 2005). Under section 144.610.1, RSMo 2000, the tax burden imposed by the use tax must be equivalent in percentage to the sales tax imposed in section 144.020.

The complementary nature of sales and use taxes is reflected in chapter 144, RSMo 2000. The "Sales Tax Law" is enumerated in sections 144.010 to 144.525. Section 144.010.3. The "Compensating Use Tax Law," however, is found generally in sections 144.600 to 144.761. Section 144.600, RSMo 2000.

Missouri's tax scheme includes provisions expressly governing the imposition of sales and use taxes on transactions involving motor vehicles, boats, outboard motors, and trailers.[2] The state sales tax on motor vehicle transactions is enumerated explicitly in section 144.020, which states:

1. A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state. The rate of tax shall be as follows:

(1) Upon every retail sale in this state of tangible personal property, including but not limited to motor vehicles, trailers, motorcycles, mopeds, motortricycles, boats and outboard motors, a tax equivalent to four percent of the purchase price paid or charged. . . .

Section 144.069, RSMo 2000, further provides that the sale of motor vehicles is deemed to occur at the address of the

---

**2.** For the purpose of brevity, taxes relating to motor vehicles, boats, outboard motors, and trailers will be referred to as "motor vehicle" taxes.

owner. Section 144.069, RSMo 2000, provides:

> All sales of motor vehicles, trailers, boards and outboard motors shall be deemed to be consummated at the address of the owner thereof ..., and all applicable sales taxes levied by any political subdivision shall be collected on such sales by the state department of revenue on that basis.

The state use tax on motor vehicle transactions, on the other hand, is enumerated in section 144.440, RSMo 2000, stating:

> [T]here is hereby levied and imposed a tax equivalent to four percent of the purchase price, as defined in section 144.070,[3] which is paid or charged on new and used motor vehicles, trailers, boats, and outboard motors purchased or acquired for use on the highways or waters of this state which are required to be registered under the laws of the state of Missouri.

The motor vehicle use tax is within the range of provisions identified as the state Sales Tax Law, sections 144.010 to 144.525.

The location of the state use tax for motor vehicles under section 144.440, RSMo 2000, within the state Sales Tax Law is the result of its initial enactment. The first Missouri statute authorizing a tax on the purchase and sale of motor vehicles was enacted in 1947 as section 11412, which imposed both a motor vehicle sales tax and a motor vehicle use tax. In 1949, the legislature recodified the motor vehicle sales and use taxes, dividing the sale and use tax provisions into separate statutes. The sales tax provisions for motor vehicles were recodified in sections 144.020.1(1), RSMo 1949, and 144.070, RSMo 1949, while the use tax provisions for motor vehicles were recodified in sections 144.440, RSMo 1949, and 144.450, RSMo 1949. The current provisions are essentially unchanged from their enactment in 1949 and, as noted previously, the motor vehicle use tax provisions remain within the Sales Tax Law, sections 144.010 to 144.525, rather than within the subsequently enacted Compensating Use Tax Law, sections 144.600 to 144.761.

In addition to state sales and use taxes, the legislature has authorized political subdivisions of the state to impose sales and use taxes with the same scope as the state sales and use taxes. Section 32.087.5 requires local sales taxes to be "to the extent and in the manner provided in sections 144.010 to 144.525, RSMo, and the rules and regulations of the director of revenue issued pursuant thereto...." As with state sales taxes, local sales of motor vehicles also are deemed to occur at the address of the owner. Section 32.087.12(2) provides:

> For the purposes of any local sales tax imposed by an ordinance or order under the local sales tax law, all sales of motor vehicles, trailers, boats, and outboard motors shall be deemed to be consummated at the residence of the purchaser and not at the place of business of the retailers, or the place of business from which the retailer's agent or employee works.

For local use taxes, section 144.757.3 provides that a "local use tax may be imposed at the same rate as the local sales tax then currently in effect in the county or municipality upon all transactions which are subject to the taxes imposed pursuant to sections 144.600 to 144.745...." To be effective, the imposition of local sales and

---

**3.** Section 144.070 provides that " 'purchase price' shall mean the total amount of the contract price agreed upon between the seller and the applicant in the acquisition of the motor vehicle, trailer, boat, or outboard motor, regardless of the medium of payment therefor."

use taxes must be authorized by the voters in local referendums.[4]

Pursuant to section 32.087.5, Greene County adopted a local sales tax.[5] It has not adopted a local use tax, nor has it held the requisite voter referendum necessary to authorize Greene County to impose such a use tax. *See* section 144.757.1. As a result, Greene County is authorized to impose on Mr. Street's purchase of the boat, outboard motor, and trailer only its local sales taxes that are to the same extent and manner as the state sales tax in sections 144.010 to 144.525. This Court, therefore, must determine the scope of the state sales tax law.

■ The scope of the state sales tax statutes is apparent from the language used in the state Sales Tax Law. The legislature authorized sales tax on "all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail *in this state*." Section 144.020.1 (emphasis added). Section 144.021, RSMo 2000, articulates the same purpose of imposing on sellers "a tax upon the privilege of engaging in the business, *in this state*, of selling tangible personal property." (Emphasis added). Considering the plain and ordinary meaning of the language in these provisions, the scope of the sales tax is limited to sales made in Missouri.

The limitation of sales taxes to sales occurring in Missouri is consistent with this Court's construction of statutory provisions nearly identical to those in sections 144.020.1 and 144.021, RSMo 2000. *See Binkley Coal Co. v. Smith*, 352 Mo. 627,

179 S.W.2d 17 (1944). In *Binkley Coal*, this Court determined that the state could not impose state sales taxes on the sale of coal from out-of-state mines to Missouri residents. *Id.* at 19. In its decision, this Court noted that Missouri's sales tax is imposed on "every retail sale in the state of tangible personal property." *Id.* Because the transfer of title or possession of the coal occurred in Illinois, it was not a sale at retail "in this state" under the provisions of the sales tax law. *Id.* Essentially, because the sales tax statute imposes sales taxes on sales "in this state," a state cannot "levy and collect the sales tax upon an event in interstate commerce which does not occur within the state's boundaries." *Id.* (citation omitted).

■ Under the plain and ordinary meaning of the language in the Sales Tax Law, the AHC's decision upholding the director's collection of local sales tax from Mr. Street was unauthorized by law and clearly contrary to the reasonable expectations of the General Assembly. Under section 32.087.5, local sales taxes must be imposed to the same extent and manner as taxes under the state Sales Tax Law, which can be imposed only on sales occurring within Missouri. The error in the AHC's decision resulted from the misinterpretation of various provisions of Missouri's state tax statutes.

In reaching its decision, the AHC concluded that sections 144.757 to 144.761, which generally authorize political subdivisions to impose local use taxes, do not provide authority to impose the local motor vehicle use tax under section 144.440,

4. The requirement of a voter referendum for local sales taxes is enumerated in various sections, including sections 67.505.1, RSMo 2000; 67.582.1, RSMo 2000; 190.335.2; and 644.032.1. The requirement of a voter referendum for local use taxes is enumerated in section 144.757.1.

5. The specific motor vehicle and trailer tax imposed by Greene County is not included within the record. However, the AHC decision found, and there is no dispute to the contrary by the parties, that the tax imposed on Mr. Street is a local sales tax.

RSMo 2000. In support of its conclusion, the AHC read section 144.757.3 as authorizing political subdivisions to impose local use taxes only on transactions that are subject to taxes imposed under sections 144.600 to 144.747. Because section 144.440, RSMo 2000, is not within sections 144.600 to 144.747, the AHC found that a local use tax on motor vehicles cannot be imposed pursuant to section 144.757.3. The AHC also noted that section 144.615(4) exempts "motor vehicles, trailers, boats, and outboard motors subject to the tax imposed by section 144.440" from the compensating use tax law in sections 144.600 to 144.747. The AHC decided that these sections compel a finding that there is no authority to impose a local use tax on motor vehicles under section 144.440, RSMo 2000.

Because the AHC found that the General Assembly intended for all motor vehicle transactions, whether in-state or out-of-state, to be subject to equal tax burdens, the AHC utilized sections 32.087.5; 144.069, RSMo 2000; and 32.087.12(2) to find that Mr. Street's out-of-state purchase was subject to Greene County sales tax. The analysis was two-fold: first, that Mr. Street's purchase occurred in Missouri for tax purposes; and second, that Mr. Street's purchase was a taxable transaction under Greene County's sales tax. To reach the first conclusion, the AHC used sections 144.069, RSMo 2000, and 32.087.12(2)—which deems sales of motor vehicles to occur at the address of the owner—to find that the sale of the boat, trailer, and outboard motor to Mr. Street occurred in Greene County, the location of his residence. The AHC then found that Mr. Street's transaction was subject to Greene County's sales tax on the ground that section 32.087.5 authorizes local sales taxes to the same extent "as provided in sections 144.010 to 144.525." Because the motor vehicle use tax, section 144.440,

RSMo 2000, is located within that range of statutes and Mr. Street's transaction would be subject to the use tax, the AHC reasoned that the transaction is taxable to the same extent by the Greene County sales tax.

█ The AHC's conclusion that there is no authority to impose a local motor vehicle use tax misinterprets the scope of section 144.757.3 and disregards other statutory provisions, such as section 144.757.1. Section 144.757.3 provides that:

> The local use tax may be imposed at the same rate as the local sales tax then currently in effect in the county or municipality upon all transactions which are subject to the taxes *imposed pursuant to sections 144.600 to 144.745* within the county or municipality adopting such tax. . . .

(Emphasis added). By its terms, section 144.757.3 only provides restrictions on the rate of local taxes imposed pursuant to *sections 144.600 to 144.745*. It does not limit the authority of municipalities to impose a local use tax on motor vehicles and trailers pursuant to other sections. For instance, authority can be found in section 144.757.1, which states:

> Any county or municipality, except municipalities within a county of the first classification having a charter form of government with a population in excess of nine hundred thousand may, by a majority vote of its governing body, may . . . impose a local use tax if a local sales tax is imposed . . . at a rate equal to the rate of the local sales tax in effect . . . [provided that it is authorized by a voter referendum.]

So long as Greene County submits a local use tax proposal to a voter referendum, it has authority under section 144.757.1 to impose a local use tax on all transactions subject to the state use tax, including the

state use tax on motor vehicles authorized by section 144.440, RSMo 2000. The AHC, therefore, erred in concluding that there is no authority to impose a local motor vehicle use tax. Provided that a municipality conforms to the requirements of section 144.757.1, it has authority to impose the local use tax within the scope of the state use tax authorized by section 144.440, RSMo 2000.

The AHC's error in concluding that there is no authority to impose a local motor vehicle use tax led to an improper interpretation of sections 32.087.5; 144.069, RSMo 2000; and 32.087.12(2). Section 32.087.5 provides that local sales taxes must be "to the extent and in the manner provided in sections 144.010 to 144.525, RSMo[.]" As discussed previously, section 32.087.5 operates as a limitation on the scope of local sales taxes, not as an authorization to impose local sales taxes to the same extent as local use taxes. Interpreting section 32.087.5 to authorize a local sales tax on out-of-state transactions would not only contravene the limitation that sales taxes be imposed only on sales within this state, but also would frustrate the voter referendum requirement for imposing a local use tax. *See* section 144.757.1.

The AHC also erred in interpreting sections 144.069, RSMo 2000, and 32.087.12(2) to subject Mr. Street's transaction to sales taxes on the ground that the provisions deem the out-of-state sale to occur at his residence in Greene County. Section 144.069, RMSo 2000, states that:

> All sales of motor vehicles, trailers, boats, and outboard motors shall be deemed to be consummated at the address of the owner thereof ... and all applicable sales taxes levied by any po-

litical subdivision shall be collected on such sales by the state department of revenue on that basis.

Section 32.087.12(2) provides similar language.[6]

The language in sections 144.069, RSMo 2000, and 32.087.12(2) does not expressly limit the application of the provisions to in-state sales. The AHC interpreted these provisions in this case as applicable to out-of-state sales. The provisions also can be reasonably interpreted as determining which local sales tax is imposed on an in-state sale involving multiple political subdivisions.

When a tax statute is ambiguous because of duplicity, indistinctness, or uncertainty in the meaning of language in the statute, the statute must be strictly construed in favor of the taxpayer and against the taxing authority. *J.B. Vending Co. v. Dir. of Revenue*, 54 S.W.3d 183, 187–88 (Mo. banc 2001); *President Casino, Inc. v. Dir. of Revenue*, 219 S.W.3d 235, 239 (Mo. banc 2007). Had the legislature intended for sections 144.069, RSMo 2000, and 32.087.12(2) to impose a sales tax on out-of-state purchases of motor vehicles, it would have provided clear language to that effect. However, there is no such language in either section. As a consequence, section 144.069, RSMo 2000, must be construed as only applicable to in-state sales, and section 32.087.12(2) is interpreted consistently. The AHC erred in applying sections 144.069, RMSo 2000, and 32.087.12(2) to deem Mr. Street's purchase of a boat, outboard motor, and trailer as occurring in Greene County and, therefore, subject to its local sales tax.

---

6. Section 32.087.12(2) states that "all sales of motor vehicles, trailers, boats, and outboard motors shall be deemed to be consummated at the residence of the purchaser and not at the place of the business of the retailer, or the place of business from which the retailer's agent or employee works."

On appeal, the director also asserts that the motor vehicle tax is neither a sales tax nor a use tax but is, instead, a special tax imposed as a prerequisite to the license registration of motor vehicles that is collected to the same extent as state sales taxes. The director asserts that, as a specialized tax, it does not fall under the general requirement for sales taxes that the sale occur within the state. The director further asserts that the statutes authorizing a local government to impose a "sales" tax permit imposition of the tax based on the residence of the buyer, not the location of the sale or use.

Although section 144.020 generally declares that Missouri sales taxes are "levied and imposed upon all *sellers* for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state," motor vehicle sales taxes are collected from the purchaser at the time of registration. (Emphasis added). Specifically, under section 144.070, the owner of the motor vehicle either must pay the applicable sales taxes or prove that they previously have been paid before the property can be registered or titled with the state. While these provisions distinctly affect sales taxes for motor vehicles, they do not alter the legal nature of the tax.

In *State ex rel. Conservation Commission v. LePage,* this Court held that, even though the motor vehicle sales tax under section 144.020 is collected from the purchaser, it is merely a sales tax with a different method of collection. 566 S.W.2d 208, 211 (Mo. banc 1978). In so holding, this Court recognized that tax burdens, like all economic costs, are incorporated into the price paid by consumers such that, even if collected from the seller, "it is the purchaser who really bears the brunt of paying the tax." *Id.* at 210–11. By directly collecting taxes from the purchaser instead of through the seller, section 144.070 does not create a separate tax for motor vehicles and trailers. *Id.* at 211. Instead, it operates to eliminate the middle man for collection purposes. *Id.* Accordingly, the motor vehicle sales tax that Greene County imposed on Mr. Street was, in fact, a sales tax. *Id.*

## Conclusion

Due to the reasons stated, Missouri's Sales Tax Law is imposed only on sales occurring within the state. Because Greene County's sales tax can be imposed only to the extent and manner as the state Sales Tax Law, the decision of the AHC upholding the director's collection of a local sales tax on Mr. Street's out-of-state purchase of a boat, outboard motor, and trailer was unauthorized by law. Mr. Street is entitled to a full refund of the $149.94 he paid in local sales tax on that transaction. Mr. Street also is entitled to the $41.25 overpayment as previously found by the AHC. Lastly, this Court remands the case to the AHC for determination of the amount of refund and interest to which Mr. Street is entitled.

The decision of the AHC is reversed, and the case is remanded.

TEITELMAN, C.J., RUSSELL, FISCHER, STITH and PRICE, JJ., and MAY, Sp.J., concur.

DRAPER, J., not participating.