Les **FEATHERSTON**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

**No. SC 93048.**

Supreme Court of Missouri,
En Banc.

Oct. 15, 2013.

Solicitor General James R. Layton, Attorney General's Office, Jefferson City, for Appellant.

Les Featherston, Mt. Vernon, Mo., pro se.

RICHARD B. TEITELMAN, Judge.

The director of revenue seeks review of a decision of the administrative hearing commission in which the commission held that a taxpayer was not liable for use taxes following his in-state purchase of an airplane from an estate. The commission's decision is reversed because no use tax exemptions apply to the facts of this case.

### FACTS

In 2002, Juanita Bridges liquidated her deceased husband's estate, which included an airplane. Bridges sold the airplane to Les Featherston. She did not collect or remit sales tax. Featherston stored the airplane in Missouri. He did not pay any use tax on the airplane.

In 2010, the director determined that Featherston should have paid $1,590.49 in use taxes because he had not paid sales tax on the purchase and he stored the airplane in Missouri. The director sent Featherston an assessment for $2,196.89, which reflected the unpaid use tax plus interest.

Featherston filed a petition for review with the commission, which determined that Featherston did not owe use tax because the director did not prove that Featherston purchased the airplane out of state. The commission overruled the director's motion for reconsideration. The director seeks this Court's review. This

Court has jurisdiction over the appeal pursuant to Mo. Const. art. V, sec. 3.

### ANALYSIS

Review of the commission's decision is governed by section 621.189, RSMo 2000. Section 621.193, RSMo 2000, provides that the commission's decision will be affirmed "if the decision is authorized by law and supported by competent and substantial evidence upon the record as a whole unless clearly contrary to the reasonable expectations of the General Assembly." *Street v. Dir. of Revenue*, 361 S.W.3d 355, 357 (Mo. banc 2012) (internal quotations and citations omitted). The commission's interpretation of state revenue laws is reviewed de novo. *Custom Hardware Engineering & Consulting Inc. v. Dir. of Revenue*, 358 S.W.3d 54, 56 (Mo. banc 2012). The commission's findings of fact will be upheld if the findings are supported by substantial evidence on the whole record. *Id.*

The commission's decision that Featherston did not owe any use tax on the airplane was premised on the conclusion that the use tax applies only to goods that are purchased outside the state and then used or stored within the state. The commission's conclusion is incorrect.

■ Section 144.610, RSMo 2000, defines the scope of the use tax as follows:

A tax is imposed for the privilege of storing, using or consuming within this state any article of tangible personal property purchased on or after the effective date of sections 144.600 to 144.745 in an amount equivalent to the percentage imposed on the sales price in the sales tax law in section 144.020. This tax does not apply with respect to the storage, use or consumption of any article of tangible personal property purchased, produced or manufactured outside this state until the transportation of the article has finally come to rest within this state or until the article has become commingled with the general mass of property of this state.

Nothing in the plain language of section 144.610 limits the use tax to property purchased out of state. Likewise, none of the statutory exemptions from the use tax set forth in sections 144.615, RSMo Supp.2011, and 144.617, RSMo 2000, exempts property that is purchased in Missouri. The confusion likely stems from the fact that the most commonly applied use tax exemption is section 144.610.2, which provides that use tax is not owed on transactions involving "[p]roperty, the gross receipts from the sale of which are required to be included in the measure of the tax imposed pursuant to the Missouri sales tax law." The sales tax exemption means that the vast majority of in-state purchases are not subject to the use tax.

■ The fact that most such transactions are exempt from use taxes does not mean that all such transactions are exempt. In this case, the "gross receipts from the sale" of the airplane were not subject to the Missouri sales tax because Bridges, the seller, was not engaged "in the business of selling tangible personal property." Section 144.020.1, RSMo Supp. 2011. Instead, Bridges made an "isolated or occasional sale of personal property" while in the process of liquidating her late husband's estate. Section 144.010.1(2). *Id.* Consequently, the exemption from the use tax for transactions in which sales tax already was paid does not apply to Featherston's purchase of the airplane.

There is also no evidence in this case establishing any other statutory exemption to the use tax. Applying the use tax to Featherston's purchase is not prohibited by federal law. Section 144.615.1. Featherston's purchase is not a "transfer" that, if made in this state, would be exempt

from or not subject to the Missouri sales tax pursuant to the provisions. Section 144.030.2, RSMo Supp.2012. Section 144.615.3. Featherston did not purchase a motor vehicle, trailer, boat or outboard motor. Section 144.615.4. The purchase was not taxed by another state. Section 144.615.5. The airplane was not held for resale. Section 144.615.6. The airplane was not purchased or used by Featherston while he was a resident of another state. Section 144.615.7. Finally, there is no evidence that the airplane was owned or used in a business so as to qualify as a "liquidation" of business assets exempt from use taxation pursuant to section 144.617.

The plain language of section 144.610 provides that the use tax applies to all "storing, using or consuming within this state any article of tangible personal property purchased ..." unless a specific exemption applies. No exemption applies. Consequently, the commission erred in concluding that Featherston did not owe the use tax assessed by the director. The decision is reversed.

All concur.